GILMAN AND SON, INCORPORATED, *vs.* TURNER TANNING MACHINERY COMPANY.

Suffolk.   January 14, 1919. — April 12, 1919.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & CARROLL, JJ.

*Contract,* In writing.   *Evidence,* Extrinsic affecting writings.

The parties to an agreement in writing, if they see fit to do so, can change the original contract by a subsequent oral agreement.

In an action by the owner of a patent for making hide-working machines to recover royalties or license fees on twenty-eight such machines, it appeared that by an agreement in writing between the plaintiff and the defendant it was provided that the defendant should pay license fees to the plaintiff on the machines manufactured and sold by it, and that, if in any calendar year while the contract was in force the defendant should fail to pay to the plaintiff royalties or license fees on at least twenty of the patented machines, the plaintiff might terminate the contract by giving a certain notice in writing.   The plaintiff offered to show that later, after the defendant had failed to manufacture and pay license fees on twenty machines during a certain year, the plaintiff and the defendant made an oral agreement, that in consideration of the plaintiff not terminating the contract (as it had a right to do) the defendant would pay to the plaintiff license fees on twenty machines a year during the two years past and current, whether that number of machines was or was not manufactured during those years. The presiding judge excluded this evidence and ordered a verdict for the defendant.   *Held,* that the evidence should have been admitted, the plaintiff being entitled to recover in accordance with the terms of the contract as changed by the parties.

CONTRACT, by one corporation against another, to recover royalties or license fees on twenty-eight hide-working machines. Writ dated July 9, 1915.

In the Superior Court the case was tried before *J. F. Brown,* J. The evidence and the plaintiff's offer of proof are described in the opinion.   The judge excluded the evidence offered by the plaintiff and, on motion of the defendant, ordered a verdict for the defend-

ant. With the consent of the parties the judge reported the case for determination by this court. If there was no error in the rulings of the judge, judgment was to be entered on the verdict; otherwise, by agreement of the parties judgment was to be entered for the plaintiff in the sum of $5,094.

*A. F. Tupper*, for the plaintiff.

*F. L. Maguire*, for the defendant, submitted a brief.

CROSBY, J. This is an action to recover royalties or license fees on twenty-eight hide-working machines. Under a written agreement dated January 10, 1912, the plaintiff (which had previously acquired the right to do so from the owner of the patent) licensed the defendant to manufacture and sell the machines until December 12, 1928, unless the agreement should be earlier terminated in accordance with its provisions. The agreement provided that the defendant should render to the plaintiff quarterly returns showing the number of machines manufactured and sold by it, and on the first day of the month following the rendering of such returns should pay to the plaintiff the amount shown thereby to be due as license fees. It also contained the following provision: "In the event that the licensee should fail to make the returns or pay the royalties or license fees in the manner and form as herein specified, or should fail within any calendar year, commencing January 1, 1912, to pay royalties or license fees unto the Licensor for at least twenty (20) of said machines containing said patented inventions or improvements, said Licensor may terminate this license agreement by serving a thirty (30) days written notice of its intention so to do upon the Licensee, particularly specifying the breach, and if said Licensee shall not within said period of thirty (30) days rectify such breach this contract and agreement shall be terminated upon the expiration of said thirty (30) days; but the Licensee shall not thereby be discharged from any liability to the Licensor for any royalties or license fees due the Licensor at the time of service of such notice." The plaintiff contends that the foregoing clause was afterwards modified by the parties. It is plain that under the original agreement the defendant was required only to pay license fees on machines actually manufactured and sold by it.

The declaration in substance alleges that the plaintiff and the defendant after the original contract was made had a conversation with reference to the payment of unpaid license fees, in which

the plaintiff offered to extend the time for payment thereof "into the year 1913." That offer was "accepted by the defendant and said acceptance was thereafter confirmed and reiterated by the defendant in its letter written to the plaintiff on or about March 24, 1913, whereby the defendant agreed to pay to the plaintiff full royalties or license fees on a minimum of twenty machines computed as provided in said agreement for each of the years 1912 and 1913, at the expiration of the year 1913." The plaintiff offered to show that in a conversation at the Hotel Thorndike in Boston held on February 6, 1913, it proposed "to allow the defendant to continue to manufacture and sell hide-working machines under contract during the year 1913 and not call upon the defendant for the payment of the amount which the plaintiff claimed to be due as royalties or license fees for the year 1912 upon the minimum of twenty (20) machines as stated in this letter of February 6, 1913, provided the defendant would pay at the expiration of 1913, the amount which the plaintiff claimed due as royalties or license fees as stated in this letter of February 6, 1913, together with the unpaid royalties or license fees, if any, on a minimum of twenty (20) machines for the year 1913, computed according to the terms of the contract, which proposal the defendant's representative agreed to, and further agreed to write the plaintiff a letter setting forth the defendant's acceptance of said proposal." This conversation was excluded by the presiding judge subject to the plaintiff's exception.

We are of opinion that the conversation was admissible. If believed, it shows that the parties modified the terms of the original contract and that the defendant agreed to pay license fees on a minimum of twenty machines whether they were manufactured and sold or not. The parties, if they saw fit to do so, could change the original contract by a subsequent written instrument or by oral agreement. *Bartlett* v. *Stanchfield,* 148 Mass. 394. *Ellis* v. *Block,* 187 Mass. 408. *Goodhue* v. *Hartford Fire Ins. Co.* 175 Mass. 187.

The evidence of the oral agreement could not properly have been excluded either because not pleaded or on the ground that the contract had been reduced to writing by the parties.

If the jury had believed the testimony offered by the plaintiff and excluded by the judge, a final agreement was made that, in con-

sideration of the plaintiff not cancelling the agreement of January 10, 1912, (as it had a right to do because the defendant had failed to manufacture and pay fees on twenty machines during the year 1912,) the defendant agreed that it would pay the plaintiff license fees on twenty machines during each of the years 1912 and 1913, whether that number was or was not manufactured during those years. It was said in *Metropolitan Coal Co.* v. *Boutell Transportation & Towing Co.* 196 Mass. 72, at page 82: "There is nothing inconsistent in the plaintiff's accepting a written offer both by word of mouth and in writing. And if it turns out that, through an unguarded expression in the writing, the writing is not, although it was intended to be, an acceptance, the oral acceptance which is not open to that objection is good." See also *Beach & Clarridge Co.* v. *American Steam Gauge & Valve Manuf. Co.* 202 Mass. 177, and *Ellis* v. *Block, supra.*

In view of the conclusion reached it is unnecessary to consider the other exceptions taken by the plaintiff to the exclusion of evidence.

As the exclusion of the evidence of the oral agreement was error, in accordance with the terms of the report, judgment must be entered for the plaintiff in the sum of $5,094.

*So ordered.*