## UNITED SHOE WORKERS OF AMERICA, C.I.O., v. LE DANNE FOOTWEAR, Inc.

### Civil Action No. 8044.

United States District Court
D. Massachusetts.

April 18, 1949.

Grant & Angoff and Sidney S. Grant, all of Boston, Mass., for plaintiff.

Carl D. Epstein, of Boston, Mass., for defendant.

FORD, District Judge.

In this suit brought under Section 301 of the Labor Management Relations Act 1947, 29 U.S.C.A. § 185, defendant moves to dismiss so much of plaintiff's action as is based on an oral agreement alleged in paragraph Sixth of the amendment to the complaint, on the ground that said agreement is neither a collective bargaining agreement nor a valid contract, and hence the action based thereon is not one over which this court is given jurisdiction by Section 301.

In deciding this motion the relevant allegations of the plaintiff's complaint must be taken as true. A written collective bargaining contract between plaintiff-union and defendant-employer signed on December 17, 1947, effective from January 1, 1948, to December 31, 1948, provided that the union could re-open the question of wages during the life of the contract and that if the defendant had not by July 1, 1948, agreed to plaintiff's request for a wage increase, the dispute would be arbi-

trated by the Massachusetts Board of Conciliation and Arbitration. The union gave notice of its desire to re-open the question of wages. Thereafter, duly authorized representatives of the union and the employer orally agreed to await the outcome of arbitration of the wage disputes between the union and some seventy other employers to be held by the same Massachusetts Board of Conciliation and Arbitration and that whatever increase was awarded in these cases would be paid by the defendant here, effective from the date specified by that award. These cases resulted in an award of an increase of five cents per hour effective as of July 1, 1948. In this action plaintiff seeks damages for the alleged failure of defendant to pay this increase in accordance with the oral agreement.

The question is whether an oral agreement entered into subsequent to a written contract, and during the life of the latter, is a valid collective bargaining contract on which an action may be maintained in this court under Section 301 of the Labor Management Relations Act 1947.

■ In general a subsequent oral agreement adding to or modifying the provisions of a written contract is itself a valid contract unless rendered invalid by a statutory provision requiring certain types of contracts to be in writing in order to be enforceable. Gilman & Son, Inc., v. Turner Tanning Machy. Co., 232 Mass. 573, 575, 122 N.E. 747. Defendant contends that such a requirement is present here, citing Cox v. Gatliff Coal Co., D.C., 59 F.Supp. 882, affirmed Gatliff Coal Co. v. Cox, 6 Cir., 152 F.2d 52, as holding that the National Labor Relations Act, 29 U.S. C.A. § 151 et seq., contemplates that all collective bargaining contracts and, necessarily, all modifications thereof be in writing. That case, however, dealt with an oral agreement prior to or contemporaneous with a written contract, and re-

liance on it would in any case have been precluded by the operation of the "parole evidence rule." The language of the district court's opinion does appear to require that all collective bargaining agreements be in writing, but in this the court relies on H. J. Heinz Co. v. National Labor Relations Board, 311 U.S. 514, 525, 61 S.Ct. 320, 85 L.Ed. 309. That case, however, goes no farther than to hold that an employer who had arrived at an agreement with a union as a result of collective bargaining was guilty of an unfair labor practice in refusing at the union's request to embody that agreement in a written and signed contract. It in no way indicates that the Act makes any oral agreement between union and employer unenforceable, or requires it to be reduced to writing when the parties made no objection to leaving it in oral form.

■ Defendant has also contended that the oral agreement is invalid in the light of article Sixth of the written contract, which reads:

"Sixth: The parties hereto agree also that no worker or group of workers or officials shall have the right to modify or waive any of the provisions of this agreement."

But this clearly does no more than to forbid modification by the action of individuals or groups, which could have the effect of weakening or undoing what the union had accomplished as collective bargaining agent of all the workers of defendant. The union and the employer do not purport to sign away, even if they could, their rights as parties to the contract to modify it later by mutual consent.

Consequently, I hold that the complaint sets forth a cause of action on the alleged oral contract over which this court has jurisdiction under Section 301 of the Labor Management Relations Act 1947.

Motion to dismiss is denied.