**STUDIO CARPENTERS LOCAL UNION
NO. 946 v. LOEW'S, Inc., et al.**

No. 12345.

United States Court of Appeals
Ninth Circuit.

May 1, 1950.

Zach Lamar Cobb, Los Angeles, Cal., for appellant.

Bodkin, Breslin & Luddy, Michael G. Luddy, Los Angeles, Cal., for appellees Int. Alliance et al.

O'Melveny & Myers, Homer I. Mitchell, W. B. Carman, Los Angeles, Cal., for appellees Ass'n of Motion Pict. Prod. et al.

Before ORR and POPE, Circuit Judges, and WEINBERGER, District Judge.

ORR, Circuit Judge.

Appellant brought an action for a declaratory judgment. Appellant will sometimes be referred to herein as the carpenters union, appellee, The International Alliance of Theatrical Stage Employees and Moving Picture Operators of the United States and Canada, as I.A.T.S.E., and the companies, as appellee companies. Motions to dismiss the complaint were interposed which said motions were granted by the trial court with leave to amend. An amended complaint was filed demanding damages. Motions to dismiss the amended complaint were filed and sustained. Appellant refusing to plead further, a judgment of dismissal was entered from which this appeal is taken. The action was brought by appellant carpenters union as representative of its members, all of whom have been employed or were eligible for employment by the appellee companies. It is further alleged that I.A.T.S.E., appellee companies and the carpenters union had entered into certain bargaining agreements setting up procedures for handling grievances and establishing a closed shop; that the agreements gave to members of the carpenters union the exclusive right to perform all required carpenter work; that as a result of a conspiracy between I.A.T.S.E. and appellee companies, the members of the carpenters union were ordered to discontinue work and have been locked out, but that their employment has not been terminated; that appellee companies have refused and continue to refuse to bargain with appellant as the bargaining agent and have deprived the members of appellant union of the privilege to work granted by the contract.

Appellant does not allege nor does it pray for damages to itself as a union. It asks damages for individual members because of the alleged breach of collective bargaining agreements.

We have this day filed an opinion in case No. 12,321, entitled, Schatte v. International Alliance of Theatrical Stage Employees, etc., 182 F.2d 158, in which said action the same written agreements and the same acts of appellees tending to deprive members of appellant union of employment in the studios are alleged. The complaint in this case also alleges, in a "second cause of action," the same misrepresentations to the California Unemployment Commission as are contained in the complaint in said case No. 12,321, and the complaint in this case further alleges, in some detail, that appellees "caused" the officers of the California agency to commit numerous errors in denying members of appellant union the privilege of inspecting certain files, presenting certain evidence, etc., and to construe the law erroneously as not entitling appellant's members to unemployment benefits. No diversity of citizenship is alleged in the complaint.

Our opinion in said case No. 12,321 disposes of all the contentions urged in the instant case in support of the claim that the complaint in this case states a cause of action for relief in a United States district court. In brief, the reasons given for sustaining a judgment of dismissal in case No. 12,321, and which apply here, are that the allegations of the amended complaint are insufficient for the following reasons: Section 301 of the Taft-Hartley Act, 29 U.S.C.A. § 185, is inapplicable because no breach of contract is alleged as occurring after its enactment. Section 303, 29 U.S.C.A. § 187, is inapplicable because mere threats made by labor organizations to employers are not included in the acts prohibited by that section. Section 7 of the National Labor Relations Act, 29 U.S.C.A. § 157, does not give jurisdiction to the district court over a private suit for the acts alleged in the complaint because the exclusive remedies for those acts are contained in the National Labor Relations Act, neither of which, apart from § 301 and § 303, discussed above, provides for suits by private parties in the district courts. While the allegations with respect to the circumstances surrounding the denial of unemployment benefits to appellant's members are much more elaborate in this complaint than in the complaint in case No. 12,321,

the same insufficiency is present in appellant's attempt to state a claim for relief under the Social Security Act, 42 U.S.C.A. § 301 et seq., or the Civil Rights Acts. 8 U.S.C.A. § 43 is inapplicable because appellees are not alleged to have acted under color of any state or territorial law, custom or usage. 8 U.S.C.A. § 47(3) is inapplicable because there is no allegation tending to show that appellant's members were hindered in any way from presenting their claims and contentions to the proper authorities and having those claims ruled upon in a proper, orderly manner. Any errors of law which were committed in the course of those proceedings are not subject to review in a suit under § 47(3).

The statement of points relied upon by appellant includes an assertion of error in the dismissal of the original complaint. If appellant desired to rely upon the original complaint, it should have refused to plead further. Since appellant elected to amend, the amended complaint was substituted in all respects for the original.

Appellant also complains of the denial of permission to make a certain minor amendment to the amended complaint. Since, under our decision, the proposed amendment would not have cured the defective pleading, the error, if any, was harmless.

Judgment of dismissal affirmed.