SCHATTE et al. v. INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES AND MOVING PICTURE MACHINE OPERATORS OF THE UNITED STATES AND CANADA et al.

No. 12321.

United States Court of Appeals Ninth Circuit.

July 28, 1950.

Writ of Certiorari Denied Oct. 9, 1950.

See 71 S.Ct. 64.

Clarence E. Todd, Todd & Todd, all of San Francisco, Cal., Kenny & Cohn, Los Angeles, Cal., for appellant Paul Hinst.

Zach Lamar Cobb, Los Angeles, Cal., for appellants Schatte, et al., other than Paul Hinst.

Bodkin, Breslin & Luddy, Michael G. Luddy, all of Los Angeles, Cal., for appellees Int. Alliance, et al.

O'Melveny & Myers, Homer I. Mitchell, W. B. Carman Jr. and William Alsup, all of Los Angeles, Cal., for appellees Ass'n of Motion Picture Prod. et al.

Before ORR and POPE, Circuit Judges, and WEINBERGER, District Judge.

PER CURIAM.

Paul Hinst, one of the appellants in the above entitled action, has moved this court for an order substituting Clarence E. Todd as his counsel and for leave to file a petition for rehearing. Both motions are opposed by counsel for the remaining 25 appellants. The motions were submitted on affidavits, briefs and oral argument.

Ordinarily substitution of counsel is granted a litigant upon request.[1] But in this case we think the circumstances are such that to permit such a substitution at

---

1. In re Paschal, 1870, 10 Wall. 483, 77 U.S. 483, 19 L.Ed. 992; The Flush, 2 Cir., 1921, 277 F. 25; Doggett v. Deauville Corp., 5 Cir., 1945, 148 F.2d 881; Evans v. Ockershausen, 1938, 69 App. D.C. 285, 100 F.2d 695, 709, 128 A.L.R. 177; United States v. McMurtry, D.C. S.D.N.Y.1927, 24 F.2d 145; Binsfield v. Johnson, D.C.Mont.1934, 6 F.Supp. 29, 32.

this stage of the proceedings would result in confusion and perhaps injustice insofar as the remaining twenty-five appellants are concerned.

Appellant Hinst and twenty-five other individuals brought this action for damages arising out of the loss of their employment. The complaint purports to have been brought on behalf of 2,000 other individuals similarly situated but, since each plaintiff's claim is individual and several, and no specific property can be affected by the action, the action is a "spurious class suit" under Rule 23(a)(3) of the Federal Rules of Civil Procedure, 28 U.S.C.A. Such a suit is merely a permissive joinder device in which the right and liability of each individual plaintiff is distinct and no member of the "class" is bound by a judgment who does not join as plaintiff or intervenor. 3 Moore's Federal Practice, (2nd ed.) § 23.10[1]. Of the twenty-six plaintiffs in the instant case, one, through his attorney, Mr. Todd, has asked for leave to file a petition for rehearing. The other twenty-five plaintiffs, represented by another attorney, consider it as not in their best interests that such a petition be filed. It is apparent that so long as this proceeding retains its character as a single action one plaintiff should not be permitted, under the circumstances here presented, to dictate a manner of conducting the litigation contrary to the judgment of counsel who is still the attorney for the other twenty-five plaintiffs. The general rule in class suits is that the member of the class who is the original plaintiff retains control over the action as opposed to other members of the class who may later seek to intervene. Annotation, 91 A.L.R. 587, 3 Moore's Federal Practice § 23.07 n. 7. This rule, while not directly applicable here, is based on an underlying principle that where several parties are joined on the same side of a single case, orderly procedure requires that decisions be made as to how that side shall conduct the case even though such decisions may not accord with the individual desires and opinions of each member of the side. Such is the situation here. There being a difference of opinion concerning the advisability of filing a petition for rehearing, the opinion of twenty-five plaintiffs, acting through their attorney, must prevail over the opinion of one other plaintiff, acting through another attorney.

Plaintiff Hinst will not be prejudiced. He will doubtless have the opportunity to ask for substitution of counsel in the United States Supreme Court in the event that court decides to review this case.

We are frankly advised by counsel for plaintiff Hinst that the motive underlying the request for substitution of counsel at this time is to permit the filing of a petition for rehearing in order to get a clarification of our decision in this case so as to benefit plaintiffs in an independent action now pending in a lower court. We are unwilling to disrupt the procedure adopted by counsel for twenty-five of the plaintiffs in this action in order to serve such purpose.

Motions denied.