## TEXTILE WORKERS UNION OF AMERICA, CIO v. ALEO MFG. CO.

### Civ. No. 196–R.

United States District Court
M. D. North Carolina, Rockingham Division.

Dec. 15, 1950.

Isadore Katz, David Jaffe, New York City, Robert S. Cahoon, Greensboro, N. C., for plaintiff.

Pierce & Blakeney, Charlotte, N. C., for defendant.

HAYES, District Judge.

Plaintiff Union and defendant employer entered into an agreement, a collective bargaining agreement, in behalf of defendant's more than 700 employees. The primary purpose of this litigation is to compel defendant to comply with the terms of the agreement. The question with which we are immediately concerned is on the motion of plaintiff for a preliminary injunction. It is conceded that defendant is engaged in producing goods for shipment in interstate commerce.

Article 9 of the bargaining agreement here contains what was lacking in International Union United Furniture Workers v. Colonial Hardwood Flooring Co., 4 Cir., 168 F.2d 33, 35, in which Judge Parker said: "It would have been possible, of course, for the parties to provide for the arbitration of any dispute which might arise between them; but they did not do this". Pertinent provisions of Article 9 of the contract are as follows:

"1. Since this agreement provides for the orderly and amicable adjustment and settlement of any and all disputes, differences and grievances, there should be no resort to strikes (which includes stoppages or slow-downs of work) by the employees nor any lock-out by the Company of any employee or group of employees. In view of the foregoing, the Union agrees that it will not authorize any strike (excepting, however, a strike pursuant to Article 4, Section 4 of this Agreement); it being understood and agreed, however, that any strike not expressly authorized or ratified in writing by the General President of the Union (a copy of which shall be sent to the Company) shall be deemed for all purposes an unauthorized strike for which there shall be no liability on the part of the Union, its local unions or joint boards.

"2. In the event of an unauthorized strike, the Union will endeavor to secure a return of the strikers to work to the end that the dispute may then be settled peaceably in accordance with the procedures set up herein. In such cases the Company may impose disciplinary measures upon or discharge the employees involved, in accordance with and subject to the grievance and arbitration provisions of the Agreement as to the facts of participation by the employees, incitation or instigation by the Company and whether the discipline was fair, appropriate and justified under all of the circumstances; such measures shall be the sole recourse and exclusive remedy of the Company in the event of a breach of this agreement.

"3. *Coverage*. Any grievance or disagreement, except those concerning general wage increases or general wage decreases, shall be at the request of either party settled by arbitration as follows:

"6. *Arbiter's Decision*. The decision of the arbiter, which shall include his findings of fact and conclusions shall be in writing and shall be binding on the Company and the Union and conclusive of the controversy submitted. The arbiter shall not have the power to change, modify or add to this Agreement."

The defendant discharged two of its employees for misconduct which apparently precipitated a strike by the loom fixers. The strike was unauthorized as defined in the contract. The Union induced the employees to return. The Company refused to employ any of them unless they waived their rights to seniority and arbitration under the Contract. Those who did not comply were refused employment. In the arbitration which followed the Company participated concerning the discharge of the first two employees but declined to participate in the arbitration of the other matters in dispute, contending that the Union violated its Contract and defendant was no longer bound by it, although the Contract in all other respects is in force and complied with by the parties to it.

The Arbitrator urged the Company's lawyer to proceed and to participate without waiving its rights which defendant refused to do. The Arbitrator proceeded with taking testimony and made findings of fact and conclusions and awards on each Claim. In short he found that the discharge of the two employees was cruel and unwarranted; that the subsequent strike

provoked thereby was unauthorized by the Union; that the Company breached its Contract by locking out the employees and by requiring those who were re-employed to waive their Contractual rights; that it bargained individually with its employees instead of the Union.

Plaintiff contends that it is entitled to a preliminary injunction because it has alleged and proven its compliance with the conditions for an injunction under the Norris-La Guardia Act, 29 U.S.C.A. §§ 101–115, and by virtue of Section 301(a) of the Taft Hartley Act, 29 U.S.C.A. § 185(a).

In like manner the plaintiff insists that the subject matter of this litigation is for the violation of a contract between the Union and an employer and not an unfair labor practice coming under the exclusive jurisdiction of the Labor Board as was the situation in the case of Amazon Cotton Mills Co. v. Textile Workers Union of America, 4 Cir., 167 F.2d 183. In the latter case, 167 F.2d at page 188 the distinction is recognized between suits in which the jurisdiction of the district court is conferred and unfair labor practices wherein the Labor Board is clothed with exclusive jurisdiction.

Moreover, a similar question was before the 6th Circuit in American Federation of Labor v. Western Union Telegraph Co., 179 F.2d 535 involving the purpose and scope of Section 301(a), 29 U.S.C.A. 185 (a). That was a suit to enforce the terms of a bargaining agreement between the Union and an employer. The district court dismissed for want of jurisdiction. This ruling was reversed. At page 536 of 179 F.2d the Court said: "This Act makes it plain that the amount in controversy or the citizenship of the parties in no wise affects the jurisdiction of the United States District Court in actions for violation of contracts between an employer and the collective bargaining agency representing its employees; that such actions may be brought in any district where duly authorized officers or agents of such labor organization are engaged in representing or acting for employee members; and that a labor organization may sue in a United States court in behalf of employees whom it represents. The complaint herein is a well drawn pleading and sets forth in detail the factual basis upon which relief is sought in the United States court."

Also 179 F.2d on page 538 that court said: "We are of the opinion that the complaint clearly states a cause of action of which the United States District Court has jurisdiction. The action is one for violation of contract between appellant and appellee within the express provisions of section 301(a) of the Labor Management Relations Act of 1947; and section 400 of the Federal Declaratory Judgment Act vests in the federal court the right to grant the Character of relief prayed".

Section 301(a) has created a new substantive right actionable in the federal courts. Shirley–Herman Co. v. International Hod Carriers, 2 Cir., 1950, 182 F.2d 806, Schatte v. International Alliance, etc., 9 Cir., 182 F.2d 158.

The defendant does not allege that the plaintiff authorized the strike of the loom fixers but it does allege that under the bargaining agreement plaintiff was obligated to endeavor to prevent and terminate the unauthorized strike which it wrongfully failed to do. Paragraph 2 of Article 9 contains the remedies of the company in the event of a breach of the agreement. The recourse agreed to was against the striking employees, subject to the agreed limitations therein specified. Paragraph 1 specified that there shall be no liability on the part of the Union, its local unions or joint boards for an unauthorized strike. It would be strange indeed to conclude that the parties agreed to absolve the Union from all liability for an unauthorized strike and then make it liable for not stopping the strike. It did agree that "it will endeaver to secure a return of the strikers to work to the end that the dispute may then be settled peaceably in accordance with the procedures set up herein." If the defendant is to be at liberty to hold the Union liable for an unauthorized strike something should have been inserted in the agreement to that effect. The defendant becomes the judge and final authority by its action in

deciding that the union did not endeavor to stop the strike and thereupon visits upon the Union such punishment as it sees fit by treating the contract as abrogated by the Union and leaving the defendant to do as it pleases. Having taken this attitude, it locks out all the loom fixers on strike but permits some to return by forcing them to sacrifice the benefits under the Contract and in utter disregard of the rights of the plaintiff; others it flatly refuses to employ and assumes that it is free to disregard the limitations set out in the agreement, including arbitration; and has filed a counter-claim alleging $100,000 damages because the plaintiff failed to terminate the strike.

[2] Labor contracts must be construed in the light of the objects to be accomplished. Each party assumes certain obligations in consideration of the obligations assumed by the other contracting party. Each is presumably interested in the continued operation of the plant so that the company can operate and furnish work to the employees. If the Union is chargeable with damages and a forfeiture of the contract for failing to prevent a strike, then it was useless to excuse it for an unauthorized strike. But the parties agreed that the Union was not answerable for an unauthorized strike and agreed on the sole remedy of the Company in case of an unauthorized strike.

■ The defendant relies on the Common law and the law of North Carolina to the effect that a court of equity will not enforce an agreement to arbitrate and insists that a suit for damages is the only relief. The answer is found in Shirley-Herman Co. v. International Hod Carriers, supra. Section 301(a) of the Labor Management Relations Act creates a federal remedy which is not controlled by state law. At least one Circuit Court has held that injunction does lie under this section. American Federation of Labor v. Western Union Tel.Co., supra, and to like effect Mountain States etc., Mountain States T. & T. Co., D.C., 81 F.Supp. 397; Studio Carpenters Local Union v. Loew's, Inc., D.C., 84 F. Supp. 675. The plaintiff has established by pleading and proof, at least prima facie, that the defendant has failed to comply with the agreement and the defendant has not offered any proof but stands on its points of law. Plaintiff has also established that it has no adequate remedy at law and is entitled to equitable relief. Although plaintiff has not specifically asked relief under the Declaratory Judgment Act, 28 U. S.C.A. §§ 2201, 2202, the allegations and proof make the provisions of the Act applicable.

■ The remaining point raised by the defendant challenges the power of the court to grant injunctive relief on account of the inhibitions of the Norris-La Guardia Act, 29 U.S.C.A. § 101 et seq. Defendant insists that the court is barred from issuing an injunction in any case involving a labor dispute, citing 29 U.S.C.A. § 52 and 29 U. S.C.A. § 104(a) and (c). Plaintiff is not seeking an injunction against the defendant doing anything embraced in (a) or (c). A mandatory injunction requiring defendant to perform its agreement in no manner involves (a) or (c). These sections are limitations in behalf of employees; they have no application to an injunction against an employer. Any statement in the decisions purporting to give the broad construction claimed by the defendant will be found in cases where an injunction was sought by the employer. It is inaccurate to say that the court is barred from issuing an injunction in any case involving a labor dispute. In this connection, it is sufficient to cite the able opinion of Judge Parker in Virginian Ry. Co. v. System Federation No. 40, 4 Cir., 84 F.2d 641, affirmed in 300 U.S. 515, 562 and 563, 57 S.Ct. 592, 81 L.Ed. 789. This court is of the opinion that the plaintiff has met the requirements of the Norris-La Guardia Act and is entitled to the preliminary injunction.