LEXINGTON FEDERATION OF TELE-PHONE WORKERS v. KENTUCKY TELEPHONE CORP.

No. 850.

United States District Court, E. D. Kentucky.

June 21, 1951.

Weldon Shouse, Lexington, Ky., for plaintiff.

Ben L. Kessinger, and Harbison, Kessinger, Lisle & Bush, Lexington, Ky., for defendant.

FORD, Chief Judge.

This case is submitted upon motion of the defendant to dismiss the complaint for failure to state a claim upon which relief can be granted. Rule 12(b) (6), 28 U.S.C.A.

It appears from the complaint and the accompanying exhibits that in 1950 a dispute between the parties, in respect to the effect of the 1949 Amendment to the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., upon the basic wage scale prescribed by the agreement then in force between them, was resolved by arbitration. The arbitration procedure resulted in the determination that under the provisions of the contract when brought into conformity with the Fair Labor Standards Act as amended "each qualified employee whose starting wage was 70¢ or less per hour on January 26, 1950, is, during the period in question, entitled not only to 75¢ per hour from that date but to the prescribed increase at the expiration of each of the progressive intervals set forth in the applicable wage guide."

The complaint charges that the defendant breached the contract "by abolishing certain of the progression intervals" resulting in damages which the plaintiff, a labor organization representing defendant's employees, claims the right to recover on their behalf. 29 U.S.C.A. § 185 (b).

While the complaint may be lacking in definiteness in respect to the particular acts claimed to constitute the alleged breach of contract, nevertheless, the defendant's motion must be considered in the light of the significant limitation placed upon the function of pleadings by the Federal Rules of Civil Procedure, (2 Moore's Federal Practice, second edition, § 8.13, pages 1647–53) and the emphasis placed upon the discovery of facts and formulation of issues by use of interrogatories under Rule 33 or other pre-trial discovery procedures established by Rules 26–37. The fact that the discovery process affords a means, far more efficient and dependable than pleadings, for testing the factual basis of a claim, invests it with a vital role in connection with procedure for dismissal of a claim without trial. It has been characterized by the Supreme Court as "one of the most significant innovations of the Fed-

eral Rules of Civil Procedure". Hickman v. Taylor, 329 U.S. 495, 500, 501, 67 S.Ct. 385, 388, 91 L.Ed. 451. A logical sequent is the generally recognized and accepted rule that a complaint should not be dismissed for insufficiency unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim. (2 Moore's Federal Practice, second edition, § 12.08, pages 2245-6, and numerous authorities cited under note 6.)

The complaint in this case seems sufficient for the purpose which, under the Rules, it is intended to serve, viz: "the task of general notice-giving". Hickman v. Taylor, supra, 329 U.S. at page 501, 67 S.Ct. at page 388. It does not appear to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of the claim asserted. The motion to dismiss should be overruled. Perry v. Creech Coal Co., D.C.E.D.Ky., 55 F.Supp. 998.

An order will be entered accordingly.