### AMALGAMATED LOCAL 877, INTERNATIONAL UNION, UNITED AUTOMOBILE, AIRCRAFT AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, C. I. O., SIKORSKY AIRCRAFT UNIT, v. UNITED AIRCRAFT CORP.

Civ. No. 3694.

District Court, D. Connecticut.

June 12, 1952

William S. Zeman (of Zeman, Monchun & Cooper), Hartford, Conn., for plaintiff.

Robert E. Beach, Joseph C. Wells, Albert B. Walker, East Hartford, Conn., for defendant.

SMITH, District Judge.

The plaintiff, hereafter referred to as the union, brings this action for a declaratory judgment concerning the interpretation to be given to a portion of the collective bargaining agreement in effect between it and the defendant, hereafter referred to as the company. The union also seeks restitution for the employee who, allegedly, was not promoted in accordance with the union's interpretation of the contract, and a permanent injunction against further violations of this portion of the contract by the company. The company has moved for a summary judgment on the pleadings on the grounds that no issue of fact remains to be settled and that as a matter of law the contract cannot be interpreted as the union contends.

The portion of the agreement in dispute is Section 16 of Article VI which provides that:

"Whenever promotions are made to a higher classification of work, other than to supervisory positions, they shall be on the basis of seniority, ability, and fitness of the employee."

From the pleadings, it appears that a vacancy existed in the assembly department of the defendant's plant and that the company filled that vacancy by hiring a new employee, eminently qualified for the job, without first giving consideration to the qualifications of any employee with seniority status for promotion to the job. This action, the union contends, violated the terms of the promotion clause of the agreement, set out above. Its position is not that the company must fill every vacancy by promotion, but that it is duty-bound first to consider the ability and fitness of its present employees with seniority status before it fills the vacancy with a new employee.

The company, on the other hand, denies that it is under any such duty and points to the management clause of the agreement which specifically reserves to the company the sole right to select, hire and demote employees, and to transfer and promote employees unless otherwise provided in the agreement. The promotion clause, the company contends, merely fixes its responsibility in the event it decides to fill a vacancy through promotion, in which case it is obligated to consider the seniority, ability and fitness of those presently employed by it.

With the permission of the Court, the union has submitted an affidavit of Mitchell Sviridoff, presently the International Representative of the union, who has been connected with the contract negotiations between the union and the company since at least 1943. He alleges that the promotion clause first appeared in the 1943 contract in substantially its present form; that during the negotiation of the agreement in effect just prior to the present one, Sviridoff submitted a much more restrictive promotion clause to the company for its consideration; that the company's negotiators refused to accept the proposal; that Sviridoff stated to the company's negotiators that it had already been the policy of the company to consider employees for promotion to a vacancy and to promote where there was a senior employee qualified for the job vacancy; and that the negotiators did not object to his argument as not being a fair statement of the requirements and meaning of the existing promotion clause.

■■ To be sure, we cannot say at this time that the above facts, even if proved, would support a declaratory judgment in the form which the union seeks, but it is the type of evidence which a court should consider when the contract, patently, is subject to different interpretations. Certainly evidence of the practice of the company and of the parties' understanding of the meaning of the promotion clause at the time when it was agreed that it should be retained in the agreement in its present form is the type of evidence which may help a court reach a more informed and satisfactory conclusion in a case such as this. See Local 937, etc., v. Royal Typewriter Co., D.C.Conn.1949, 88 F.Supp. 669, and cases cited therein.

Defendant, in its motion for summary judgment, seeks also dismissal of the claims for injunctive relief, relying on our decision in Local 937, etc., v. Royal Typewriter Co., supra, that the Norris-LaGuardia Act, 29 U.S.C.A. § 101 et seq., barred injunctive relief on behalf of employee as well as employer.

Plaintiff questions the soundness of that decision and argues that the jurisdictional question should not in any case be disposed of summarily without evidence on the questions of irreparable damage and adequacy of remedy-at-law.

In the Royal case, no analysis was made of the Norris-LaGuardia Act to determine whether its conditions for the granting of injunctions had been met, in

**188**

view of the failure to establish irreparable injury.

Whether the limitations of that Act apply to injunctions at the suit of employees at all, and, if so, whether its conditions have been met, may well await proof on irreparable damage and adequacy of remedy-at-law.

The motion for summary judgment is denied.