INTERNATIONAL LONGSHOREMEN'S AND WAREHOUSEMEN'S UNION, LOCAL 142, v. LIBBY, McNEILL & LIBBY.

Clv. No. 1177.

United States District Court
D. Hawaii.
Aug. 6, 1953.

Bouslog & Symonds, James A. King, and Edward H. Nakamura, Honolulu, Hawaii, for petitioner.

Blaisdell & Moore, Honolulu, Hawaii, James P. Blaisdell and Raymond M. Torkildson, Honolulu, Hawaii, for respondent.

McLAUGHLIN, Chief Judge.

This case is before the Court after hearing pursuant to its Pre-Trial Order of May 11, 1953. By its own terms the order supersedes the pleadings previously filed; it presents the admitted facts and issues of fact and law involved in a controversy over a collective bargaining contract presently existing between the parties.

The first question to be decided is whether or not this Court has jurisdiction to hear the case involving this controversy in relation to the relief demanded under the allegations of jurisdiction contained in the complaint. It invokes jurisdiction under 29 U.S.C.A. § 185; the prayer for relief asks a declaration of the contractual rights and duties of the parties under the Declaratory Judgment Act, 28 U.S.C.A. §§ 2201, 2202, and enforcement of the contract by injunction of the alleged breach.

■ Section 2201 of the Declaratory Judgment Act provides in part that in case of certain actual controversies *within its jurisdiction* any court of the United States may declare the rights and other legal relations of any interested party seeking such declaration. Thus it seems that this statute does not confer jurisdiction, but merely provides this type of remedy in the federal court. Skelly Oil Co. v. Phillips Petroleum Co., 1949, 339 U.S. 667, at pages 671–672, 70 S.Ct. 876, 94 L.Ed. 1194. Therefore, under the allegations in the instant case, jurisdiction must be found to exist, if at all, under 29 U.S.C.A. § 185(a).

That section provides in part:

"(a) Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

In the case of Castle & Cooke Terminals, Ltd. v. Local 137 of International Longshoremen's and Warehousemen's Union, D.C. 1953, 110 F.Supp. 247, we had occasion to consider the applicability of this section to a demand by an employer for an injunction of an alleged breach of a no-strike contract by the defendant union. The issue of removability was involved, and this in turn depended upon the possible origin of the cause of action in federal law. This Court thought that, among other reasons, the restrictions against anti-labor injunctions surviving in the Norris-LaGuardia Act, 29 U.S.C.A. §§ 101–115, 104, prevented this Court from giving the only relief demanded. Reference was made in that opinion to congressional committee reports and statements in Congress by an author of the bill containing section 185. Therein it appeared that the attention of Congress was on the subject of suits for money damages for breach of these collective bargaining contracts. This being true, it follows that Congress can hardly be said to have intended to act, through section 185, in the field of injunctions, whether they would be granted for or against the labor side of such a controversy. Therefore, the section gave the courts no new power to enjoin the acts in question. Without power to act in the matter, there was no orginal jurisdiction of the equity suit.

With this background, the question of constitutionality of 29 U.S.C.A. § 185 was raised in this court in Waialua Agricultural Co. Ltd. v. United Sugar Workers, ILWU, D.C., 114 F.Supp. 243. That action was for damages for breach of a labor relations contract, sought by the employer from the union which contended that this section was an invalid attempt to extend the federal judicial power when it purported to confer jurisdiction irrespective of diversity of citizenship. This Court agreed with several others that section 185 is not unconstitutional for this reason, because it was intended to, and did, create substantive federal law. The ramifications of that law were not declared by Congress; indeed, it did not indicate whether it intended the federal courts to apply the contract law of the states wherein they sit, or to develop a separate and distinct federal common law of collective bargaining contracts where interstate commerce is affected. It now appears that such a federal common law may be in the course of development, although all courts are not in agreement on the extent or nature of the rights created by the legislation, nor do they agree upon the extent of the remedies available. See, as examples: Wilson & Co. v. United Packinghouse Workers, D.C.S.D.N.Y.1949, 83 F. Supp. 162; Colonial Hardwood Flooring Co. v. International Union, etc., D.C.D. Md.1948, 76 F.Supp. 493, affirmed 4 Cir., 168 F.2d 33; Shirley-Herman Co. v. International Hod Carriers, etc., 2 Cir., 1950, 182 F.2d 806, 17 A.L.R.2d 609; Schatte v. International Alliance, etc., D.C., 84 F. Supp. 669, affirmed 9 Cir., 182 F.2d 158, rehearing denied 9 Cir., 183 F.2d 685, certiorari denied 340 U.S. 827, 71 S.Ct. 64, 95 L.Ed. 608, rehearing denied 340 U.S. 885, 71 S.Ct. 194, 95 L.Ed. 643; Textile Workers Union of America v. Aleo Mfg. Co.,

D.C.M.D.N.C.1950, 94 F.Supp. 626; United Shoe Workers v. Le Danne Footwear, Inc., D.C.D.Mass.1949, 83 F.Supp. 714; Duris v. Phelps-Dodge Copper Products Corp., D.C.D.N.J.1949, 87 F.Supp. 229; Studio Carpenters Local Union No. 946 v. Loew's Inc., 9 Cir., 1950, 182 F.2d 168; A. F. of L. v. Western Union Telegraph Co., 6 Cir., 1950, 179 F.2d 535.

■ When it becomes necessary to analyze the extent of the jurisdiction conferred by 29 U.S.C.A. § 185, it would seem generally true that the jurisdiction granted will not be found to have a wider scope than necessary to complete the permissible action of the court in these circumstances of limited jurisdiction. This concept was expressed in the Castle & Cooke case (supra) [110 F.Supp. 251] when we referred to the "absurdity of a case which 'may be brought' in a federal District Court in which there is no power to give the relief demanded". In that case the injunctive relief had been demanded by an employer against a union. Here the question is whether this court has power *under this section,* wherein diversity of citizenship is not a jurisdictional basis, to grant an injunction against an employer at the demand of a union. In Castle & Cooke, the latent lack of clarity of the section was disclosed by reference to surviving limitations in the Norris-LaGuardia Act. There is some doubt about whether those limitations have the same application where the labor organization is plaintiff, see Duris v. Phelps-Dodge Copper Products Corp., D.C. D.N.J.1949, 87 F.Supp. 229; contra Textile Workers Union of America v. Aleo Mfg. Co., D.C.M.D.N.C.1950, 94 F.Supp. 626. It seems helpful here to recall our conclusion that Congress had in mind suits for damages when it acted in passing section 185, and apparently was thinking primarily of suits by employers against unions in contract cases, since it showed most consideration for the welfare of individual union members and their estates by exempting the latter from liability for judgments obtained against the unions. It is true that no obstruction was placed in the way of a suit by a union for damages, and equally true that the unions have since taken advantage of their capacity to sue for monetary recovery: Lexington Federation of Tel. Workers v. Kentucky Tel. Corp., D.C. E.D.Ky.1951, 11 F.R.D. 526; Durkin v. John Hancock Mutual Life Insurance Co., D.C.S.D.N.Y.1950, 11 F.R.D. 147; United Shoe Workers v. Le Danne Footwear Inc., D.C.D.Mass.1949, 83 F.Supp. 714; Studio Carpenters, etc., v. Loew's Inc., 9 Cir., 1950, 182 F.2d 168.

■ The fact that parties have elected to seek damages rather than equity relief under this section does not of itself necessarily set any limitations or indicate the intent of Congress. It is our opinion that 29 U.S.C.A. § 185 conferred jurisdiction for the sole purpose of actions for damages. Whatever equity power the court may have, exclusive of ancillary remedies, it must therefore stem from some other basis of jurisdiction than section 185, and no other basis has been alleged here.

We recognize that a divergence exists between this view and that of a few other courts which have taken jurisdiction of suits under 29 U.S.C.A. § 185 for injunctions of breach of collective bargaining contracts or for other related equitable remedies: Textile Workers Union of America v. Aleo Mfg. Co., D.C.M.D.N.C. 1950, 94 F.Supp. 626; Textile Workers Union of America v. Arista Mills Co., 4 Cir., 1951, 193 F.2d 529; Mountain States Div., etc., v. Mountain States Tel. Co., D.C. D.Col.1948, 81 F.Supp. 397; A F. of L. v. Western Union, etc., Co., 6 Cir., 1950, 179 F.2d 535; Textile Workers Union of America v. American Thread Co., D.C. Mass., 113 F.Supp. 137.

■ In the light of the legislative history of this section, however, this Court feels that it cannot properly be said that Congress intended to act in a field to which its attention clearly was not directed. Therefore, this case, in which jurisdiction is alleged to exist solely under 29 U.S.C.A. § 185, and in which the demand is for an injunction of breach of a labor relations contract after a declaration of the rights of the parties, is before a court which has

not been given the power to grant the relief prayed for, and the case must therefore be dismissed.

This appears to be the extent of the questions to which the Court may properly give its attention; we need not, therefore, go into detail in expressing our doubts that this contract included retirement as a subject of the collective bargaining between these parties.