**LOCAL 207, UNITED ELECTRICAL RADIO & MACHINE WORKERS OF AMERICA**

v.

**LANDERS, FRARY & CLARK.**

Civ. No. 4702.

United States District Court, D. Connecticut.

Feb. 4, 1954.

Gruber & Turkel, Stamford, Conn., for plaintiff.

John N. Cole, Stamford, Conn., for defendant.

SMITH, District Judge.

Defendant employer moves to dismiss an action by the plaintiff union seeking an order compelling reinstatement of an employee to the same position in the same department, rather than at another job than that from which he was, as found by an arbitrator, wrongfully fired, or an order compelling arbitration of the right to such reinstatement under the collective bargaining agreement.

Defendant claims that the Court is not empowered by 301(a) of the Labor Man-

agement Relations Act, Taft-Hartley, 29 U.S.C.A. § 185(a) or by the Arbitration Act, 9 U.S.C.A. § 1 et seq. to grant injunctive relief in a labor dispute, particularly in view of the limitations on the powers of the courts to grant such relief imposed by the Norris-LaGuardia Act, 29 U.S.C.A. § 101 et seq.

There have been various holdings by courts as to the existence of the power to compel arbitration or enforce awards in labor cases. Cf. Textile Workers Union of America (C. I. O.) v. American Thread Co., D.C.Mass.1953, 113 F.Supp. 137, and Milk and Ice Cream Drivers and Dairy Employees Union, Local No. 98 v. Gillespie Milk Products Corp., 6 Cir., 1953, 203 F.2d 650, with International Longshoremen's and Warehousemen's Union, Local 142 v. Libby McNeill & Libby, D.C.Haw. 1953, 114 F. Supp. 249 and Associated Tel. Co. v. Communications Workers, D.C.S.D.Cal. 1953, 114 F.Supp. 334, and see notes 67 H.L.R. 181, 53 Col.L.R. 1019, 57 Y.L.J. 638 n. 28.

A review of the decisions in this district shows that the writer has not been entirely consistent on the subject. Local 937 of International Union United Automobile, Aircraft and Agricultural Implement Workers v. Royal Typewriter Co., Inc., D.C.D.Conn.1949, 88 F.Supp. 669; Amalgamated Local 877 v. United Aircraft Corp., D.C.D.Conn., 120 F.Supp. 186; Local 379 C.I.O. v. Jacobs Mfg. Co., D.C.D.Conn.1953, 120 F.Supp. 228.

Conflicting considerations of public policy apply in these cases, such as those relating to the encouragement of arbitration of disputes, which led to the Arbitration Act, the desirability of the settlement of labor disputes by agreement rather than economic warfare, which led to the Wagner Act, the need for the limitation of use of the injunctive power of the courts to coerce compliance by employees with rulings on labor questions, which led to the Norris-LaGuardia Act, the need for the provision of sanctions to enforce the responsibility of labor organizations as such for carrying out of their collective bargaining agreements, which led to the Taft-Hartley Act.

This Court, in Local 937 of International Union United Automobile, Aircraft and Agricultural Implement Workers v. Royal Typewriter Co., 88 F.Supp. 669, expressed agreement with Judge Rifkind's view in the Alcoa case (Alcoa S. S. Co. v. McMahon, D.C.S.D.N.Y.1948, 81 F.Supp. 541) that the Norris-LaGuardia Act prevented the use of injunction in such a labor case.

The Royal case differed from Alcoa, however, in that the employer sought the relief in Alcoa, the union in the Royal case, although the Court did not discuss the possible distinction. Since no irreparable injury was found, moreover, the holding was not strictly necessary to the result.

In Amalgamated Local 877 v. United Aircraft Corp., 120 F.Supp. 187 the issue first was discussed, and some doubt of the soundness of the Court's dictum in the Royal case expressed; in the following language:

"Defendant, in its motion for summary judgment, seeks also dismissal of the claims for injunctive relief, relying on our decision in Local 937, etc., v. Royal Typewriter Co., supra, that the Norris-LaGuardia Act, 29 U.S.C.A. § 101 et seq., barred injunctive relief on behalf of employee as well as employer.

"Plaintiff questions the soundness of that decision and argues that the jurisdictional question should not in any case be disposed of summarily without evidence on the question of irreparable damage and adequacy of remedy-at-law.

"In the Royal case, no analysis was made of the Norris-LaGuardia Act to determine whether its conditions for the granting of injunctions had been met, in view of the failure to establish irreparable injury.

"Whether the limitations of that Act apply to injunctions at the suit of employees at all, and, if so,

whether its conditions have been met, may well await proof on irreparable damage and adequacy of remedy-at-law.

"The motion for summary judgment is denied."

In a later case, Local 379 v. Jacobs, the Court without discussing the issue of the possible effect on jurisdiction of either the Arbitration Act or the Norris-LaGuardia Act held that it had jurisdiction to compel arbitration under Section 301 of the Labor Management Relations Act.

The Court adheres to that holding.

This Circuit does not appear to have passed on the question, although it might have been raised in Markel Electric Products, Inc., v. United Electrical, Radio & Machine Workers, 2 Cir., 1953, 202 F.2d 435.

Although the question of jurisdiction to compel arbitration under 301(a) is not discussed, the Markel case may indicate that the Second Circuit will find jurisdiction in these cases, at least to enjoin action pending arbitration, for the Court disposed on the merits of an appeal from a motion to stay proceedings pending arbitration.

Taft-Hartley allows suits "for violation of contracts." Does this include specific performance? As indicated above, the courts are not in agreement on the point.

It would be undesirable if applied to all contract provisions in general, for it would restore the method of attempted settlement of labor disputes by courts under the sanction of imprisonment.

This argument, of course, applies also to actions to enforce the award of arbitrators by mandatory injunction.

However, the Supreme Court in Virginian Railway Co. v. System Federation No. 40, etc., 300 U.S. 515, 57 S.Ct. 592, 81 L.Ed. 789, has approved the use of mandatory injunction to require the obedience of an employer to the provision of the Railway Labor Act, 45 U.S. C.A. § 151 et seq. making it its duty to treat with a certified union representative, holding that the earlier and more general provisions of the Norris-LaGuardia Act did not govern.

So to some extent at least the reluctance to use the machinery of the courts to coerce compliance with duties of one of the parties to a labor dispute under the law may give way to the desirability of promoting the use of a preferred method of dealing with the dispute.

The duty which the union here claims devolves upon the employer under the contract, at least so far as it is arbitration of the duty to rehire at the old position, is a method of dealing with the dispute favored in the recent development of our labor laws.

To that extent at least we should not be reluctant to use legal sanctions to require arbitration and should find in 301 (a) authority to do so in harmony with the declared purpose of the Norris-LaGuardia Act.

■ In the present state of the pleadings we cannot tell whether the Court will find that the contract between the parties requires the use of its machinery to compel arbitration here. The action should not be dismissed, however, at this stage for lack of power to act, at least so far as to compel submission to arbitration, for on grounds of policy it is desirable, it does not contravene the policy behind the limitations of Norris-LaGuardia, and it should follow with the general grant of jurisdiction over such disputes in 301(a).

The motion to dismiss is denied.

Ordinarily, the Court would leave the parties to discovery to ascertain the details of the contract provisions. Here, however, they may well be incorporated in the pleadings so that defendant may frame its answer.

■ The motion for more definite statement may be granted, requiring plaintiff to plead the contract provisions relied on.