**INTERNATIONAL UNION OF MINE, MILL AND SMELTER WORKERS, and** Torrington Brass Workers Union Local 423, affiliated with International Union of Mine, Mill and Smelter Workers, Plaintiffs,

v.

**AMERICAN BRASS COMPANY,** Defendant.

Civ. No. 4816.

United States District Court, D. Connecticut.

April 1, 1954.

Gruber & Turkel, Stamford, Conn., for plaintiffs.

William J. Larkin, Waterbury, Conn., for defendant.

SMITH, Chief Judge.

Torrington Brass Workers Local 423, Union of Mine, Mill and Smelter Workers is the certified bargaining agent in the defendant's Torrington, Connecticut plant. September 17, 1952, a collective bargaining agreement was entered into between the International Union for Local 423, and the defendant.

The agreement was for a period ending June 30, 1954 and was to be con-

sidered automatically renewed from year to year thereafter unless terminated by either party by written notice at least 60 days prior to the end of any effective period.

The agreement requires defendant to check off dues and other fees set by the local from the pay of all employees authorizing such deductions, and to remit these amounts so collected to the Financial Secretary of the Union once each month.

On February 5, 1954, one Joseph Scioli advised defendant by telegram that Clark, President of the International Union, had declared the president, vice president, recording secretary and trustees of the local to have voluntarily vacated their offices and that Clark had appointed Scioli to act as administrator, to exercise the powers of office of the named officers of the local, and particularly to receive from defendant the money due under the agreement. The financial secretary of the local was not mentioned by name or title in the telegram by Scioli.

February 8, 1954, defendant was notified by one Dowd (one of those referred to in the telegram of Scioli of February 5 as having vacated his office of president of the local) that he was the duly elected president of the local and notifying defendant not to meet with any committee other than designated by him.

February 18, 1954, one Pavalonis, purporting to write as president of the local, notified defendant of a list of new officers of the local including himself as president and Frank J. Sabowitz as financial secretary.

February 24, 1954, attorneys for Dowd and others by telegram made demand on defendant for payment to Dowd, as president of the local, of all moneys property of Local 423, claiming that Pavalonis was acting contrary to the laws under which he was elected.

February 26, 1954, defendant caused to be served on the local, the international, Scioli, and members of both groups claiming to be officers and trustees of the local an interpleader action and deposited with the Clerk of the Superior Court for Litchfield County $1,749, the amount of the February dues check-off.

Sabowitz, who claims to be financial secretary of the local by virtue of an election of December 1953, received from defendant the check-off for January on the first or second of February, by mail addressed to the local at P.O. Box 566, Torrington, Connecticut.

He has received no payments of dues checked-off from defendant since.

He borrowed money on behalf of the local to pay the salary of his secretary and other bills.

Questions presented are whether the court has power to grant injunctive relief under Section 301 of the Labor Management Relations Act, 29 U.S.C.A. § 185, whether if the court has power to act it should consider doing so while the interpleader action is pending in the state court, and whether the requisite inadequacy of remedy at law and irreparable harm to plaintiff are sufficiently shown to base action by injunction here.

■ An additional question is suggested of the desirability of bringing into this action the contending group formerly or perhaps still officers and trustees of the local. Their counsel appeared at the hearing, but later left word that they did not desire to move to intervene. Since this does not appear to raise any jurisdictional question, the court will not consider it unless raised by the parties to the action, or others formally seeking intervention.

In Fitzgerald v. Abramson, D.C., 89 F.Supp. 504, 512, Judge Rifkind declined to issue an order for injunctive relief respecting check-offs, to avoid trespassing on the forbidden territory of a "labor dispute".

In Duris v. Phelps Dodge Copper Products Corp., D.C., 87 F.Supp. 229, Judge Fake, in an action for injunctive relief against an employer and a new IUE-CIO local brought by the UE International, seeking among other things to compel the employer to continue the check off to the old UE local, refused injunctive relief as barred by the Norris-LaGuardia Act, 29

U.S.C.A. § 101 et seq., following the reasoning of Judge Rifkind in Alcoa S. S. Co. v. McMahon, D.C., 81 F.Supp. 541.

In Local 937 of International Union United Automobile, Aircraft and Agricultural, etc., v. Royal Typewriter, D.C., 88 F.Supp. 669, this court indicated agreement with Judge Rifkind's expressions in the Alcoa case. This court has, however, issued injunctions in actions involving arbitration in labor disputes, and has questioned whether the prohibition of the Norris-LaGuardia Act is not confined to injunctions directed against employees and employee organizations. Local 207, United Electrical Radio & Machine Workers of America v. Landers, Frary & Clark, D.C.D.Conn.1954, 119 F.Supp. 877 and cf. Textile Workers Union of America v. Amazon Cotton Mills Co., D.C.M.D.N.C.1947, 76 F.Supp. 159; Textile Workers Union of America, C.I. O. v. Aleo Mfg. Co., D.C.M.D.N.C.1950, 94 F.Supp. 626.

Aside from any question of the power of the court to grant injunctive relief, however, it may be questioned whether any inadequacy of legal remedies has been shown by plaintiff and whether as a matter of comity this court should act in view of the interpleader already pending in the state court, with the checked-off funds so far received already paid into that court. It is true that the pendency of such an action may not deprive this court of jurisdiction granted by federal statute, but it may well be considered in determining whether this court should exercise its powers in duplication of consideration of essentially the same controversy by another court whose jurisdiction was earlier invoked, and into which the disputed funds, so far as already due, had been paid.

On the whole, it would appear more desirable to withhold in the exercise of the court's discretion any affirmative action by way of injunction at this time, until the state court has adequate opportunity to consider the action pending before it.

The motion for temporary injunction is denied.