**H. N. THAYER CO. v. BINNALL et al.**

**THAYER CO. v. BINNALL et al.**

**Civil Actions Nos. 8156, 8157.**

United States District Court
D. Massachusetts.

Feb. 21, 1949.

Samuel M. Salny, of Fitchburg, Mass., for plaintiffs.

Grant & Angoff and Sidney S. Grant, all of Boston, Mass., for defendants.

FORD, District Judge.

These are suits in which the plaintiffs, The Thayer Company and H. N. Thayer Company, seek to have the defendants, officers and members of Local 154, United Furniture Workers of America, C.I.O., enjoined from allegedly unlawful conduct in connection with strikes at the plants of the respective plaintiffs.

Plaintiffs brought their bills of complaint in the Superior Court for the County of Worcester, Commonwealth of Massachusetts. Defendants filed a petition for removal to this court and removal was effected in accordance with 28 U.S.C.A. § 1446. Thereupon plaintiffs moved to remand these cases to the state court.

The motions to remand raise the question of whether this court has jurisdiction over the cases which have been removed to it. Diversity of citizenship is not present since the plaintiffs are Massachusetts corporations and the defendants are citizens of that state. The question of whether these are cases arising under the Constitution and laws of the United States must be decided on the basis of whether the plaintiffs' statements of their own cases are based on a federal question and unaided by the answer or by a petition for removal. The fact that in the subsequent proceedings in the case, it is possible or probable that a federal question will arise is not a basis to support federal jurisdiction. Gully v. First National Bank, 299 U.S. 109, 113, 57 S.Ct. 96, 81 L.Ed. 70; Louisville & Nashville Railroad Co. v. Mottley, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126.

The bills of complaint allege, in substance, that the plaintiffs have entered into collective bargaining contracts with the Thayer's Workers' Council and the H. N. Thayer's Workers' Council, as the collective bargaining representatives of the employees of the respective companies, that these contracts are still in force, and that the companies have no contracts with the aforesaid Local 154. It is alleged that Local 154 has injured the plaintiffs by calling a strike at their respective plants, by induc-

ing employees of the plaintiffs to violate the existing contracts by engaging in the strike, and that this was done for the purpose of compelling plaintiffs to violate their contracts with the respective Workers' Councils, and to enter into contractual relations with Local 154 which has not been certified by the National Labor Relations Board as bargaining representative of plaintiffs' employees.

It is further alleged that defendants, many of whom are not employees of plaintiffs, have engaged in large numbers in picketing, obstructing entrances to plaintiffs' plants, intimidating employees and others who wish to enter the plants, and have prevented trucks of public carriers from entering plaintiffs' premises.

In the Massachusetts court the plaintiffs have waived all claims for damages and now ask for temporary restraining orders and injunctions against such picketing, interference with their contractual relations with the Workers' Councils, interference with employees or others who seek to enter or leave plaintiffs' premises, or attempts to induce other employees to join in the strike.

Defendants' petitions for removal allege that the cases set forth in the complaints are cases over which this court has jurisdiction under the provisions of the Labor Management Relations Act of 1947, 29 U.S. C.A. § 141 et seq. (hereinafter called the Act) and specifically under Sections 301 [1] and 303 [2] of that Act, 29 U.S.C.A. §§ 185 and 187.

■ Section 301(a) gives this court jurisdiction over suits for violation of contracts between an employer and a labor organization. But that is not the present case. Plaintiffs allege that no contracts exist between them and the defendants, hence they cannot be considered as suing for any violation of such a contract. Furthermore, plaintiffs do not now seek damages in their complaints. The gist of plaintiffs' complaints is not that defendants have violated any contract to which they are parties, but that they have unlawfully interfered to induce a breach of a contract between plaintiffs and the Workers' Councils. This is a distinct cause of action, and one over which this court is given no jurisdiction under Section 301(a).

■ Section 303(b) gives this court jurisdiction over suits for damage to business

---

[1] "Sec. 301. Suits by and against labor organizations—Venue, amount, and citizenship

"(a) Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

[2] "Sec. 303. Boycotts and other unlawful combinations; right to sue; jurisdiction; limitations; damages

"(a) It shall be unlawful, for the purposes of this section only, in an industry or activity affecting commerce, for any labor organization to engage in, or to induce or encourage the employees of any employer to engage in, a strike or a concerted refusal in the course of their employment to use, manufacture, process, transport, or otherwise handle or work on any goods, articles, materials, or commodities or to perform any services, where an object thereof is—

"(1) forcing or requiring any employer or self-employed person to join any labor or employer organization or any employer or other person to cease using, selling, handling, transporting, or otherwise dealing in the products of any other producer, processor, or manufacturer, or to cease doing business with any other person;

"(2) forcing or requiring any other employer to recognize or bargain with a labor organization as the representative of his employees unless such labor organization has been certified as the representative of such employees under the provisions of section 159 of this title:

*   *   *   *   *   *

"(b) Whoever shall be injured in his business or property by reason or any violation of subsection (a) of this section may sue therefor in any district court of the United States subject to the limitations and provisions of section 185 of this title without respect to the amount in controversy, or in any other court having jurisdiction of the parties, and shall recover the damages by him sustained and the cost of the suit."

or property resulting from violations of the secondary boycott and jurisdictional strike provisions of Section 303(a). But the conduct of the defendants set forth in the complaints here does not involve a secondary boycott or a jurisdictional strike and is not such as to constitute a violation of Section 303(a). It is true that it is alleged that Local 154 and its members, the defendants, have engaged in a strike against the plaintiff-employers here, and have encouraged others to do so. But this falls within the prohibition of the Act only when done for one of the objects enumerated in the section. There is nothing to indicate such a purpose here. Nothing appears to indicate any activity here for the objects listed in Section 303(a) (3) and (4) but defendants contend that the complaints allege unlawful activity for the objects named in Section 303(a) (1) and (2). But there is no allegation here of any attempt to require any employer or self-employed person to join any organization. And insofar as the activities of the defendants have been directed toward the plaintiff-companies themselves, there is no indication of any purpose to require these companies to cease in any way from doing business with other persons. Sec. 301(a) (1). The object of the strike is alleged to be to require bargaining with a labor organization not certified under the Act as the bargaining representative of the employees. But it is the plaintiff-companies themselves and not any *other* employer who would be forced to bargain with the uncertified union. Sec. 301(a) (2).

The defendants would violate the Act if they induced or encouraged employees of any employer other than the plaintiffs "to engage in, a strike or concerted refusal in the course of their employment to use, manufacture, process, transport, or otherwise handle or work on any goods, articles, materials, or commodities or to perform any services" with the object of forcing such other employer to cease to do business with the plaintiffs or with the object of forcing the plaintiffs (employers other than the employer of the employees thus induced to act) to bargain with the uncertified union. But the complaint makes no allegation of an inducement or encouragement of a strike of or of any concerted action by employees of any one except the plaintiffs. Defendants contend such an allegation can be found in the statement of the complaints that defendants and their associates who are on the picket lines have refused to permit public carrier trucks that normally transport goods to and from the plants of these plaintiffs to enter upon the plaintiffs' premises. This is too vague a statement to be construed as an allegation of encouragement or inducement to action by the employees of such carriers, much less as an effort to encourage concerted action on their part. In the light of its context, the statement amounts to no more than a specific allegation under the general charge that the pickets have unlawfully interfered with free access to the plants.

█ Plaintiffs in their complaints have nowhere expressly laid claim to any right or remedy given them by any federal law. They contend that their complaints are based solely on alleged unlawful interference with their contractual rights and right to do business as given them by the common law of Massachusetts, and that they ask only the remedy of injunction traditionally available to them under the equity jurisdiction of the courts of that state. A fair interpretation of their bills of complaint shows that that. is the only cause of action which they purport to set forth. To construe these bills as stating a cause of action which plaintiffs may have under federal law, but which they have elected not to pursue, would be a tortured interpretation of them which I cannot adopt.

Therefore, I conclude that the complaints do not state any cause of action based on the Constitution or laws of the United States and, in particular, on the Labor Management Relations Act of 1947. Diversity of citizenship being lacking, the case is not one over which this court has jurisdiction, and the cases are remanded to the court from which they were removed.