**ALCOA S. S. CO., Inc., et al. v. McMAHON et al.**

**No. 201, Docket 21261.**

United States Court of Appeals
Second Circuit.

March 31, 1949.

Kirlin, Campbell, Hickox & Keating, of New York City, and A. V. Chebonnier, all

568

of New York City (Alan G. James, of Brooklyn, N. Y., of counsel), for petitioner.

Abraham M. Fisch, of New York City, for respondent.

Before L. HAND, Chief Judge, and CHASE and FRANK, Circuit Judges.

PER CURIAM.

The plaintiffs wish to enjoin rebellious members of a union, who refuse to obey the orders of their employers and of the high officers of the union itself. That the defendants are in default has been established by a declaratory judgment of the district court; they have been adjudged wrongdoers because, although they agreed to be employees, they refuse to carry out the contract of employment. The only question is as to the employers' remedies for this breach of contract. That they may recover judgment from the defendants for damages is undoubted; that they may recover a similar judgment against the union is conceivable; that they could have procured an injunction in some form before the Norris-La Guardia Act * we will assume, although, even before that act was passed, it would not have been possible to get all the relief here asked. But all this is beside the point. Their position is that, because Knox, J., decided the issues against the defendants, their refusal to obey that judgment did not raise a "labor dispute," as that term is defined in § 113(c) of the act. The defendants' position is that, in spite of the declaratory judgment, the refusal raised a "controversy concerning the terms and conditions of employment," which by definition is a "labor dispute." We agree with the defendants. If the plaintiffs were right, it would follow that, as soon as any controversy was decided by a court, it would cease to be a "controversy," and an injunction would be proper. It would therefore follow that the Norris-LaGuardia Act only applies to a "labor dispute" before it had been decided; in short, an employer could not get a temporary injunction, but he could always get a permanent injunction.

Order affirmed.

* §§ 101–115, Title 29 U.S.C.A.