### ABRAMS et al. v. HART COTTON MILLS, Inc.

#### Civ. No. 283.

United States District Court
E. D. North Carolina, Wilson Division.

Sept. 2, 1949.

Pierce & Blakeney, Charlotte, N. C., Henry C. Bourne, Tarboro, N. C., for plaintiff-respondent.

Robert S. Cahoon, Atlanta, Ga., for defendants-petitioners.

GILLIAM, District Judge.

Hart Cotton Mills, Inc., a North Carolina corporation, hereinafter called "the Mill", instituted this action in the North Carolina Superior Court for Edgecombe County and filed its complaint containing the following allegations:

"That the defendants are conspiring together and acting in concert to prevent by unlawful means, as hereinafter set forth, the plaintiff from operating its said plant.

"That the plaintiff desires to operate its said plant as heretofore; that employees of the plaintiff desire to enter the said plant and work therein as heretofore; and various and sundry persons desire to enter the plaintiff's plant and do business with the plaintiff as heretofore; but since May 12, 1949, as employees of the plaintiff seek to enter the said plant for the purpose of going to work therein, and as persons seek to enter said plant for the pur-

pose of doing business with the plaintiff, the defendants and numbers of other persons whose names are unknown to the plaintiff gather in front of the open gates of the plant, which constitute the entrance to the said plant, and there massing themselves solidly in the gate openings, they forcibly and continuously block and prevent any person from entering.

"That repeatedly since May 12, 1949, and up to the present time, employees of the plaintiff and persons desiring to do business with the plaintiff have sought to make their way through the defendants and other persons thus gathered and massed at the aforesaid gates and have been physically and forcibly blocked and pushed back, the defendants and other unknown persons with them meantime declaring and asserting that they intend to prevent any person whomsoever from working in the plaintiff's plant or doing business with the plaintiff until and unless they, the defendants, see fit to permit otherwise; that employees of the plaintiff and persons seeking to do business with the plaintiff have on such occasions been repeatedly assaulted and threatened with further bodily injury by the defendants or some of them in case they, the plaintiff's employees and other persons seeking to enter the plaintiff's plant, persisted in their efforts to enter said plant.

"That as the plaintiff is informed and believes the individual defendants, and other persons referred to above whose names are unknown to the plaintiff, engaging in the acts and course of conduct described above is caused and brought about by their joint association or membership in the above-named unincorporated association known as Textile Workers Union of America, CIO; and that the acts and course of conduct described above are, as the plaintiff is informed and believes, co-ordinated, planned and directed by the said unincorporated association, its officers, agents, representatives, members and associates; that as the plaintiff is informed and believes, R. H. Harris, Howard Parker, Ted Thomas, Charlie Stancil, Henry Byrd, Melvin Hoard, J. C. Hughes, and Sylvester Sawyer are agents and official representatives of said unincorporated association.

"That by reason of the unlawful acts above set forth employees desiring to work in the plaintiff's plant and persons desiring to do business with the plaintiff are not able to enter the said plant to work therein or to do business with the plaintiff, that as a result thereof, employees of the plaintiff have been and are daily losing large sums of money in wages which they would be earning, and the plaintiff has been and is daily losing large sums of money in production which its said plant would be turning out, were it not for the aforesaid continuing unlawful acts of the defendants and other persons above referred to; that the plaintiff, employees of the plaintiff and all others wrongfully injured by the aforesaid unlawful acts * * *"

Upon the foregoing allegations the Mill prayed for relief, as follows:

"Wherefore, the plaintiff prays the Court to restrain and enjoin the defendants and other persons referred to above from continuing to commit the unlawful acts hereinabove referred to; and the plaintiff prays the Court to restrain and enjoin the defendants and other persons referred to upon such specific terms and conditions as will prevent them from continuing the said unlawful acts.

"And the plaintiff prays the Court forthwith to issue an order directing the defendants and each of them to appear before this Court and show cause, if any they have, why they should not be so restrained and enjoined."

The defendants in the action, hereinafter called "defendants", in due time filed in this Court a verified petition for removal and in all respects complied with the formalities prescribed by the statutes. Thereafter the Mill moved to remand to the State Court as allowed by Title 28 U.S.C.A. § 1447, sub-section (e).

The only debatable question, I think, involved on this motion to remand to the State Court is does "the matter in controversy * * * (arise) under the Con-

stitution, laws or treaties of the United States". Title 28. U.S.C.A. § 1331, or does the "civil action or proceeding (arise) under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies." Title 28 U.S.C.A. § 1337. The contention of the defendants that this Court has jurisdiction under the diversity of citizenship statutes is dismissed without discussion as the contention was not pressed at the hearing upon the motion and clearly could not be sustained. Likewise, the Mill's contention that the jurisdictional amount of $3,-000.00 is not involved cannot be sustained. This position was not urged upon the Court at the hearing and will not be further discussed. It is found as a fact that on the record the jurisdictional amount is involved in this controversy.

■ It appears to me that in the light of numerous decisions the matter in controversy here (the action or proceeding) does not arise "under the Constitution or laws of the United States". (Laws of the United States, of course, including laws "regulating commerce or protecting trade and commerce against restraints and monopolies" mentioned in Sec. 1337, Title 28.) As stated in Gully v. First National Bank, 299 U.S. 109, page 112, 57 S.Ct. 96, page 97, 81 L.Ed. 70: "To bring a case within the statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action. * * * The right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another. * * * A genuine and present controversy, not merely a possible or conjectural one, must exist with reference thereto * * *, and the controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal. * * * Indeed, the complaint itself will not avail as a basis of jurisdiction in so far as it goes beyond a statement of the plaintiff's cause of action and anticipates or replies to a probable defense. * * *" 299 U.S. at

page 114, 57 S.Ct. at page 98. "A suit to enforce a right which takes its origin in the laws of the United States is not necessarily, and for that reason alone, one arising under those laws, for a suit does not so arise unless it really and substantially involves a dispute or controversy respecting the validity, construction, or effect of such a law, upon the determination of which the result depends."

■ The application of this rule, I believe, requires that the case be remanded to the State Court where it was instituted. Looking solely to the complaint, it cannot be decided that "a right or immunity created by the Constitution or laws of the United States" is an essential element of the plaintiff's cause of action; nor that a "genuine and present controversy" in respect to the Constitution or the laws of the United States is presented; nor that the action "really and substantially involves a dispute or controversy respecting the validity, construction or effect (of the Constitution or laws of the United States) upon a determination of which the result depends". The cause of action is not based on any provision of the Constitution or any provision of any law of the United States and does not raise any dispute or controversy, either present and genuine or otherwise as to the validity, construction, or effect of such Constitution and laws. In the case of Thayer v. Binnall, D.C., 82 F.Supp. 566, 569, a case very much like this one, District Judge Ford said: "Plaintiffs in their complaints have nowhere expressly laid claim to any right or remedy given them by any federal law. They contend that their complaints are based solely on alleged unlawful interference with their contractual rights and right to do business as given them by the common law of Massachusetts, and that they ask only the remedy of injunction traditionally available to them under the equity jurisdiction of the courts of that state. A fair interpretation of their bills of complaint shows that that is the only cause of action which they purport to set forth. To construe these bills as stating a cause of action which plaintiffs may have under federal

law, but which they have elected not to pursue, would be a tortured interpretation of them which I cannot adopt." Such is the case here and such is this Court's conclusion.

Counsel for the petitioners asserts that if this action could have been brought originally in this Court it follows that the motion to remand should be denied. With this statement, broadly stated, I am in accord, because the statutes provide for removal to this Court where this Court has jurisdiction and in such cases the defendant is given the option to defend the case in the State Court or remove it to this Court, as he pleases. It appears to me that this action could not have been instituted originally here or rather that had it been dismissal for lack of jurisdiction would have been in order for the reason that the cause of action as stated in the complaint presents no present and genuine controversy or dispute with respect to the validity, construction, or effect of the Constitution or of any law of the United States. As the Mill saw fit to frame its cause of action, the relief demanded may be obtained under the common law of North Carolina without proof of, reference to, or interpretation of any law of the United States or of the United States Constitution. It is not clear that the plaintiff might have framed its cause of action for the relief in view either under the National Labor Relations Act, 29 U.S.C.A. § 151 et seq., and the Labor Management Relations Act of 1947, 29 U.S.C.A. § 141 et seq., or under the Sherman Anti-Trust Act, 15 U.S.C.A. § 1 et seq., and the Clayton Anti-Trust Act, 15 U.S.C.A. § 12 et seq., but conceding for the argument that the plaintiff might have done so it saw fit to proceed otherwise—that is, by an action under the common law for equitable relief in carrying on its business and protecting its property against the activities of the defendants which are, if as alleged, violative of its property rights irrespective of any and all the statutes which have been passed by Congress to promote the free flow of commerce, to prescribe the legitimate rights of employees and employers in labor disputes, and prohibiting combinations and conspiracies in restraint of trade or commerce, and also irrespective of any part of or all of the Constitution of the United States.

It may be, though it has not been made clear to me, that plaintiff could have proceeded under one or more of the federal laws or provisions of the United States Constitution, but I know of no law or rule of law which compelled it to do so. Likewise, I know of no law or rule of law which holds that this Court has jurisdiction simply because it might have had jurisdiction of an action which plaintiff might have begun.

For the reasons given an order has been signed remanding the cause to the Superior Court of Edgecombe County where it was instituted, and the petitioners, defendants in the action, have been taxed with the Court costs incident to the petition to remove and the order to remand.