**In re THIRD AVE. TRANSIT CORP. et al.**
**LEHMAN et al. v. QUILL et al.**

No. 145, Docket 22229.

United States Court of Appeals
Second Circuit.

Argued Dec. 10, 1951.

Decided Dec. 13, 1951.

---

Asher W. Schwartz and O'Donnell & Schwartz, all of New York City, for respondents-appellants.

Saxe, Bacon, O'Shea & Bryan, New York City, William J. O'Shea, Edward D. Burns and John A. Kiser, all of New York City, of counsel, for petitioners-appellees.

Before CHASE, CLARK and FRANK, Circuit Judges.

CHASE, Circuit Judge.

The appellees are the duly appointed and qualified trustees of the Third Avenue Transit Corporation and its operating subsidiaries, hereinafter called "the debtors," which are being reorganized under the provisions of Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq., in the District Court for the Southern District of New York. As such, they are presently engaged in continuing the business of the debtors in the operation of street transportation facilities in the Boroughs of Manhattan and the Bronx, in the City of New York, and in Westchester County, New York. They operate 68 bus routes and 12 trolley routes, aggregating about 367 route miles. They have approximately 3600 employees, and transport more than 1,500,000 passengers per day, for which service their ordinary daily gross income is in excess of $90,000. Suspension of this service, therefore, will cause the debtors to lose large amounts of revenue and cause great inconvenience to the public.

The appellants are labor organizations and officers of those labor organizations who are the duly recognized collective bargaining agents of the employees of the appellees. Since September 30, 1947, when the last written collective bargaining agreement between the parties expired, employment has been governed by the terms of an arbitrator's award and by oral agreements, the last of which was to have been in effect until December 31, 1952 and was approved by the reorganization court, but efforts to embody their provisions in a comprehensive written agreement have not been successful. On November 12, 1951, the appellants made demands upon the appellees for a reduction from 48 hours to 40 hours in the basic work week, to take effect on January 1, 1952 without diminution of so-called "take-home-pay." The appellees insisted that this was in violation of the existing agreement and refused to accede to, or discuss, these demands. The appellants thereupon threatened a strike and on November 22, 1951 the employees of the appellees on the Manhattan and

Bronx lines did strike for one day in accordance with the advice and with the consent and approval of the appellants. This caused much public inconvenience and the loss of more that $23,000 in operating revenue to the appellees.

On November 29, 1951, the dispute between the parties not having been settled and further strikes having been threatened unless the appellant's demands were met, the appellees filed their petition in the reorganization court for a declaration of their rights in respect to relations with their employees, for an injunction to prevent the taking of a strike vote which was to have been taken on December 4, 1951, and, if in favor of a strike, was to be effective the next day, to enjoin any other form of work stoppages and for incidental relief. On the same day the court issued an order to show cause returnable in the afternoon of December 3, 1951 and a temporary *ex-parte* injunction granting the requested relief until further order of that court. At the hearing on the order to show cause, the court denied the appellants' motion to vacate the temporary injunction and this appeal is from that order.

It is clear beyond doubt that the parties are in controversy concerning the terms and conditions of employment and, therefore, a "labor dispute" exists between them within the scope of the Norris-La Guardia Act, 29 U.S.C.A. § 101 et seq., as such a dispute is therein defined. And this is so whether or not the appellants' conduct constitutes a breach of any collective bargaining agreement between the parties. Alcoa S.S. Co. v. McMahon, 2 Cir., 173 F. 2d 567. Nor is there any indication that what has been done or threatened in respect to striking by the appellants and those they represent is within Sec. 107 of Title 29 which was neither invoked nor followed. What is pertinent is Sec. 104 of Title 29 which provides that "[n]o court of the United States shall have jurisdiction to issue any restraining order or temporary or permanent injunction in any case involving or growing out of any labor dispute to prohibit any person or persons participating or interested in such dispute * * * from

doing, whether singly or in concert, any of the following acts:" and then follows a series of so-called acts which embrace all the "acts" which the injunction restrains.

The court below, consequently, had no jurisdiction to issue the *ex-parte* injunction and the denial to vacate it was error unless the pending reorganization proceedings by these debtors under Chapter X of the Bankruptcy Act makes the Norris-La Guardia Act inapplicable to that court. Both the language and the purposes of that statute, see concurring opinion of Mr. Justice Frankfurter in United States v. United Mine Workers of America, 330 U. S. 258, 313–314, and footnote 6, page 320, 67 S.Ct. 677, 91 L.Ed. 884, forbids such a conclusion. The well established power of the reorganization court to issue orders necessary to conserve the property in its custody must be exercised within the scope of a jurisdiction which is limited by the broad and explicit language of the Norris-La Guardia Act. Anderson v. Bigelow, 9 Cir., 130 F.2d 460; International Brotherhood of Teamsters, etc. v. Quick Charge, Inc., 10 Cir., 168 F.2d 513.

In re Cleveland & Sandusky Brewing Co., D.C.N.D.Ohio, 11 F.Supp. 198 and Converse v. Highway Construction Co. of Ohio, Inc., 6 Cir., 107 F.2d 127, 127 A.L.R. 860, relied upon by the appellees are clearly distinguishable. In the former, the injunction did not cover any of the acts enumerated in Sec. 104 of Title 29 but instead merely restrained interference with the removal of property from the struck premises which would have spoiled if it were not removed. In the latter, it was found that no labor dispute existed.

As the reorganization court, like other courts of the United States within the definition of 29 U.S.C.A. § 113(d), was without jurisdiction to issue this injunction, the denial of the motion to vacate was erroneous. Whether the appellees have a remedy under the Taft-Hartley Act, 29 U.S.C.A. § 160(j), is a question not presented by this appeal.

Order reversed and cause remanded for further proceedings in accordance with this opinion.