**ASSOCIATED TEL. CO., Limited v. COMMUNICATION WORKERS OF AMERICA, C.I.O., et al.**

**No. 14793.**

United States District Court
S. D. California, Central Division.
July 21, 1953.

O'Melveny & Myers, Los Angeles, Cal., William W. Alsup and Ernest M. Clark, Jr., Los Angeles, Cal., for plaintiff.

Jay A. Darwin and Daniel Fogel, San Francisco, Cal., for defendants.

JAMES M. CARTER, District Judge.

This case concerns a motion to remand to the state court, and raises the question as to the interpretation and scope of Sec. 301(a) of the Labor Management Act of 1947, 29 U.S.C.A. § 185(a).

The plaintiff Telephone Company brought action in the state court against the defendant Union, and various of its locals, officers and members, alleging the prior existence of a strike; picketing in connection therewith; a written settlement of the dispute, in which the Union had agreed in part, "there shall be no action taken by either party which would discriminate between employees who participated in the strike and those who did not;" that following execution of the settlement agreement, the defendants had proceeded to place various members on trial and levied fines against some of them, and were proceeding with numerous other similar cases. The plaintiff demanded damages and an injunction. While the matter was in the state court and before its removal to the district court, plaintiff amended its complaint and struck out all reference to damages.

Thereafter, the defendants removed the case to the district court, alleging in the petition for removal that defendant Communication Workers of America was a labor organization representing employees in an industry affecting commerce, and representing employees of the plaintiff in the action; that plaintiff was a corporation engaged in industry affecting commerce, and was an employer within the meaning of those terms, as contemplated by the Labor Management Act of 1947.

The plaintiff in its complaint had not alleged it was engaged in a business affecting interstate commerce, but had alleged it was a California corporation engaged in the business of providing telephone service to subscribers and the public in certain counties in southern and central parts of the state of California. No diversity of citizenship is shown by the complaint, nor urged by defendant Union.

After the removal of the action to the Federal court, the plaintiff moved to remand the action to the state court, which presents the question submitted to the court for decision.

The petition for removal in our case does not expressly state that the removal is based on the ground that the case arises under the Constitution or laws of the United States, but it is obvious that this is the theory upon which the defendants proceeded. They specifically set forth Sec. 301(a) of the Labor Management Act, 29 U.S.C.A. § 185(a), in the petition for removal. In their brief defendants state that the action was "removed to this court by defendants on the ground that it was a claim arising under a law of the United States, namely, Sec. 301 of the Taft-Hartley Act * * *". The law relied upon is therefore Sec. 301(a) of the Labor Management Act of 1947, 29 U.S.C.A. § 185(a). The general removal section, 28 U.S.C.A. § 1441, reads in part:

"Actions removable generally

"(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

"(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought. * * *"

It is conceded by both parties that under 28 U.S.C.A. § 1441, if the action is one of which the District court has original jurisdiction, the removal is a matter of right. This is clearly the law.

Our first inquiry concerns the manner in which the purported federal question appears in the case.

### I
### No Federal Question Presented By Plaintiff.

Attention must be given to the particular theory or law upon which the plaintiff relies. In our case the plaintiff has relied upon state law and particularly California Labor Code § 1126, which provides that a collective bargaining agreement shall be enforceable at law or in equity. Defendant on the other hand has attempted to bring the matter within the jurisdiction of the Federal court by urging that federal law is involved and must be used and applied in the decision of the case.

■ The burden is in the party seeking to remove to establish his right and the case should be remanded if there is doubt as to the right of removal, in the first instance. John Hancock Mutual Life Ins. Co. v. United O & P Workers, D.C.N.J. 1950, 93 F.Supp. 296, at page 302; Reeves v. American Brake Shoe Co., D.C.Mo.1947, 74 F.Supp. 897.

■ The party who brings the suit is master to decide what law he will rely upon. John Hancock Mutual Life Insurance Co. v. United O & P Workers, supra; The Fair v. Kohler Die & Specialty Co., 1913, 228 U.S. 22, 33 S.Ct. 410, 57 L.Ed.

716; Wright & Morrissey, Inc., v. Burlington Local 522, etc., D.C.Vt.1952, 106 F. Supp. 138, 140; H. N. Thayer Co. v. Binnall, D.C.Mass.1949, 82 F.Supp. 566, at page 569.[1]

"The 'frame of reference' on a motion to remand a case to the State court, is contained within the four corners of the complaint, unaided by the answer or petition for removal." John Hancock Mutual Life Insurance Co., v. United O & P Workers, supra [93 F.Supp. 301]. Also: Gully v. First National Bank, 299 U.S. 109, 57 S. Ct. 96, 81 L.Ed. 70; The Fair v. Kohler Die & Specialty Co., supra; Wright & Morrissey, Inc., v. Burlington Local 522, etc., supra; H. N. Thayer Co., v. Binnall, supra; Armstrong v. Alliance Trust Co., 5 Cir., 1942, 126 F.2d 164.

Skelly Oil Co., v. Phillips Petroleum Co., 1950, 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194, did not involve remand or removal, but concerned the jurisdiction of a District court under the federal question rule. The court stated, 339 U.S. at page 672, 70 S.Ct. at page 879:

"* * * If Phillips sought damages from petitioners or specific performance of their contracts, it could not bring suit in a United States District Court on the theory that it was asserting a federal right. And for the simple reason that such a suit would 'arise' under the State law governing the contracts. Whatever federal claim Phillips may be able to urge would in any event be injected into the case only in anticipation of a defense to be asserted by petitioners. 'Not every question of federal law emerging in a suit is proof that a federal law is the basis of the suit.' Gully v. First National Bank, 299 U.S. 109, 115, 57 S.Ct. 96, 99, 81 L.Ed. 70; compare 28 U.S. C. § 1257 [28 U.S.C.A. § 1257], with 28 U.S. C. § 1331 [28 U.S.C.A. § 1331]. Ever since Metcalf v. City of Watertown, 128 U.S. 586, 589, 9 S.Ct. 173, 174, 32 L.Ed. 543, it has been settled doctrine that where a suit is brought in the federal courts 'upon the sole ground that the determination of the suit depends upon some question of a federal nature, it must appear, at the outset, from

---

1. Fay v. American Cystoscope Makers, Inc., D.C.S.D.N.Y.1951, 98 F.Supp. 278, holds to the contrary, but in our opinion is not in line with the authorities.

the declaration or the bill of the party suing, that the suit is of that character.' But 'a suggestion of one party that the other will or may set up a claim under the Constitution or laws of the United States does not make the suit one arising under that Constitution or those laws.' State of Tennessee v. Union & Planters' Bank, 152 U.S. 454, 464, 14 S.Ct. 654, 657, 38 L.Ed. 511. The plaintiff's claim itself must present a federal question 'unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose.' Taylor v. Anderson, 234 U.S. 74, 75-76, 34 S.Ct. 724, 58 L.Ed. 1218; Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 152, 29 S.Ct. 42, 43, 53 L.Ed. 126. * *"

Shamrock Oil & Gas Corp. v. Sheets, 1941, 313 U.S. 100, at pages 108-109, 61 S.Ct. 868, at page 872, 85 L.Ed. 1214, states:

"* * * The power reserved to the states under the Constitution to provide for the determination of controversies in their courts, may be restricted only by the action of Congress in conformity to the Judiciary Articles of the Constitution. 'Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined'. Healy v. Ratta, 292 U.S. 263, 270, 54 S.Ct. 700, 703, 78 L.Ed. 1248 * * *."

■ In the delicate balance between state and federal jurisdiction and growing mass of law by statute and decided cases in both State and Federal areas, plaintiff and its counsel should be permitted to determine what case they desire to present and in what forum they desire to present it;

and not be subjected to the often futile and always disconcerting experience of being taken by the heels and dragged into another court where different laws apply, merely on the defendants' interpretation of what the plaintiff seeks. Plaintiff has elected to pursue a remedy available under state law. We conclude from the authorities above that no federal question is presented by plaintiffs' pleadings and that defendants have improperly removed the case from the state court.

## II
## No Right To Injunction In District Court

■ As an alternative ground for granting the motion to remand we hold that Sec. 301(a) of the Labor Management Act of 1947, 29 U.S.C.A. § 185(a), does not confer jurisdiction on a District court to entertain an action for an injunction.

Courts have repeatedly held in *actions for damages* under Sec. 301(a) that the section does more than provide a new forum for the enforcement of contracts theretofore enforcible solely in the state courts; but that it creates a "new substantive liability, actionable in the federal courts, for the breach of a collective bargaining contract in an industry affecting interstate or foreign commerce." [2]

Various courts have denied injunctive relief in actions under Sec. 301(a) or Sec. 303 of the Labor Management Act, 29 U.S.C.A. §§ 185(a), 187. These decisions are generally rested on one of two grounds: (a) that injunctive relief was not proper because of the interdiction of the Norris-LaGuardia Act, 47 Stat. 70 (1932), 29 U.S.C.A. §§ 101-115,[3] or (b) that the matter

2. Schatte v. International Alliance of T.S. E., 9 Cir., 1950, 182 F.2d 158, 164; Shirley-Herman Co. v. International Hod Carriers, etc., 2 Cir., 1950, 182 F.2d 806, 17 A.L.R.2d 609; Textile Workers Union of America, C.I.O. v. Arista Mills Co., 4 Cir., 1951, 193 F.2d 529; Wilson & Co. v. United Packinghouse Workers, D. C.1949, 83 F.Supp. 162; International Union, United Furniture Workers of America v. Colonial Hardwood Flooring Co., 4 Cir., 1948, 168 F.2d 33, affirmed, D. C., 76 F.Supp. 493; Schatte v. International Alliance, etc., D.C.S.D.Cal.1949, 84 F.Supp. 669; Pepper & Potter, Inc., v.

Local 977, United Auto Workers, C. I. O., D.C.N.Y.1952, 103 F.Supp. 684, at page 686; Hamilton Foundry & Mach. Co. v. International Moulders, etc., 6 Cir., 1951, 193 F.2d 209, certiorari denied 343 U. S. 966, 72 S.Ct. 1060, 96 L.Ed. 1363; Fay v. American Cystoscope Makers Inc., D.C.N.Y.1951, 98 F.Supp. 278.

3. Duris v. Phelps Dodge Copper Products Corp., D.C.N.J.1949, 87 F.Supp. 229; Local 937 of Int'l Union United Auto, etc., v. Royal Typewriter Co., D.C.Conn.1949, 88 F.Supp. 669, (alternative holding); United Packing House Workers of Amer-

in dispute was an "unfair labor practice" within the exclusive jurisdiction of the National Labor Relations Board under the Taft-Hartley Act, 61 Stat. 136 (1947), 29 U.S.C.A. § 141 et seq.[4] Certain of the cases were decided alternatively on both grounds.[5]

In other cases injunctions were denied on the particular facts of the case.[6] Much has been written in the law Reviews on the problem.[7]

We turn to the cases where injunctive relief has been considered proper under Sec. 301(a) of the Labor Management Act of 1947.

Mountain States Division No. 17, Communication Workers of America v. Mountain States Tel. & Tel. Co., D.C.Colo.1948, 81 F.Supp. 397, 402, is directly in point and holds the District court has jurisdiction under Sec. 301(a) to grant injunctive relief. But the decision concludes with the remark, "The court is conscious that it may be exercising jurisdiction that does not exist."

American Federation of Labor v. Western Union Telegraph, 6 Cir., 1950, 179 F.2d 535, indicates injunctive relief is proper but is not a square holding. The prayer of the complaint was for declaratory relief and for injunction. The District court dismissed. The Circuit points out, 179 F.2d at page 536, that a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff would not be entitled to relief under any set of facts proved in support of his claim. In Milk & Ice Cream Drivers, etc., Union v. Gillespie Milk Prod. Corp., 6 Cir., 1953, 203 F.2d 650, the 6th Circuit per curiam, relying on their decision in American Federation of Labor v. Western Union Tel., supra, held injunction would lie under Sec. 301(a).

Studio Carpenters Local Union 946 v. Loew's, Inc., D.C.S.C.1949, 84 F.Supp. 675, was affirmed in 9 Cir., 182 F.2d 168, certiorari denied 340 U.S. 828, 71 S.Ct. 64, 95 L.Ed. 608, on a ground not relied on by the District court, namely that the date of the alleged happenings preceded the effective date of the Labor Management Act of 1947. The trial court stated that Sec. 301 of the Labor Management Act, 29 U.S.C.A. § 185, does not exclude the right to declaratory relief, but did not comment on injunction. Neither the District court case nor the af-

ica v. Wilson & Co., D.C.N.D.Ill.1948, 80 F.Supp. 563; Alcoa SS Co. v. McMahon, D.C.S.D.N.Y.1948, 81 F.Supp. 541, affirmed per curiam 2 Cir., 173 F.2d 567, certiorari denied 1949, 338 U.S. 821, 70 S.Ct. 65, 94 L.Ed. 498; United Protective Workers of America v. Ford Motor Co., 7 Cir., 1952, 194 F.2d 997; In re Third Ave. Transit Corp., 2 Cir., 1951, 192 F.2d 971; Castle & Cook Terminals, Ltd. v. Local 137 of International Longshoreman's & W. Union, D.C.T.H.1953, 110 F.Supp. 247.

4. Amazon Cotton Mill Co. v. Textile Workers Union of America, 4 Cir., 1948, 167 F.2d 183; International Longshoremen's & Warehousemen's Union, Local 6, C.I.O. v. Sunset Line & Twine Co., D.C.N.D.Cal.1948, 77 F.Supp. 119. See: Myers v. Bethlehem Shipbuilding Corp., 1938, 303 U.S. 41, 48, 58 S.Ct. 459, 82 L.Ed. 638. (Decided prior to passage of Labor Management Act.)

5. Amalgamated Ass'n, etc., v. Dixie Motor Coach Corp., 8 Cir., 1948, 170 F.2d 902; California Ass'n of Employers v. Bldg. & Const. Trade Council of Reno, Nev., 9 Cir., 1949, 178 F.2d 175.

6. e. g. Textile Workers Union of America, C.I.O. v. Arista Mills Co., 4 Cir., 1951, 193 F.2d 529.

7. See: 16 Brooklyn L.R., 1, (1949) Wallace: The Contract Cause of Action under the Taft-Hartley Act; 48 Columbia L.R. 1225, Comment: Declaratory Judgment in the Settlement of Labor Disputes; 49 Columbia L.R. 386, Note: Union Responsibility for Acts of Officers and Members under the L.M.R.A. 35 Cornell L.Q., 651–655 (1948) Note: The Judicial Remedy for the Breach of Collective Bargaining Agreements; 61 Harvard L.R. 1068 (1948) Note: Injunctive Relief for Private Litigants under Taft-Hartley Act; 34 Marquette L.R., 233 (1951) Rice: A Paradox of Our National Labor Law; 26 N. Carolina L.R. 7 (1947) Livingood: Labor Contracts and the Taft-Hartley Act; 5 Stanford L.R. 358 (1953) Comment: Taft-Hartley no Bar to Employee Suit in State Court; 57 Yale L.J. 630 (1948) Note: Constitutional Problem of Federal Jurisdiction under Taft-Hartley Act.

firmance in the Court of Appeals assist us in the problem. We consider it here solely because reliance has been placed upon it to support injunctive relief.

Textile Workers Union of America, C. I. O. v. Aleo Mfg. Co., D.C.N.C.1950, 94 F.Supp. 626, raises the question of the power of the court to grant an injunction. The court relies upon American Federation of Labor v. Western Union Tel. Co., supra; Mountain States Division No. 17, Communication Workers of America v. Mountain States, etc., supra, and Studio Carpenters Local Union 946 v. Loew's, Inc., supra. The court concludes that the plaintiff has met the requirement of the Norris-La Guardia Act and is entitled to a preliminary injunction. To the extent that these cases are at variance with our holding we disagree with them.

Other cases have said a District court was without jurisdiction to entertain a suit for or to grant an injunction under Sec. 301(a), 29 U.S.C.A. § 185(a). In Alcoa S. S. Co., Inc., v. McMahon, D.C.S.D.N.Y. 1948, 81 F.Supp. 541, Judge Rifkind denied an injunction in aid of a previous declaratory judgment He does not pass on the question of jurisdiction to entertain the application for injunction, but the legislative history shown in his opinion is equally persuasive of the holding that no jurisdiction existed to grant the injunction.[8]

Local 937 of International Union United Auto, etc., v. Royal Typewriter Co., D.C. Conn.1949, 88 F.Supp. 669, states at page 669:

"* * * Congress would have been more specific if it intended to restore the general power to grant injunctive relief * * *. In any case, there is here no irreparable injury to the union * * *." 88 F.Supp. page 670.

The court then proceeded to consider the claim for damages only.

There is *dictum* in various of the cases to the effect that Congress did not intend that private parties should have a right to injunctive relief, even as an ancillary remedy in the permitted suit for damages. United Packing House Workers of America v. Wilson & Co., D.C.N.D.Ill.1948, 80 F.Supp. 563, at pages 567, 568. In International Longshoremen's & Warehousemen's Union, Local 6, C. I. O. v. Sunset Line and Twine Co., D.C.N.D.Cal.1948, 77 F.Supp. 119, at pages 121, 122, the court said:

"Section 301 * * * deals generally with a breach of contract" and concluded: "It is clear that Congress did not intend, either by expression or by necessary implication, that private parties should have a right to injunctive relief even as an ancillary remedy in the permitted suit for damages."

Other cases are not particularly helpful. In International Union of Operating Engineers, etc., v. William D. Baker Co., D.C. Penn.1951, 100 F.Supp. 773, the court said that a claim for injunctive relief was stated under Title 29 U.S.C.A. § 185 but denied an injunction against a state proceeding or parties thereto. The language is therefore dicta.

Pocahontas Terminal Corp. v. Portland Bldg. & Construction Trade Council, D.C. Me.1950, 93 F.Supp. 217, was removed from the State court and motion to remand denied. Since it concerned an unfair labor practice Title 29 U.S.C.A. § 160 would apply. It therefore did not concern our precise problem and seems out of line with the cases holding that where unfair labor practices are involved, the National Labor Relations Board, alone, has standing to seek an injunction.[9]

The Fifth Circuit has characterized an action similar to our case as "merely a controversy between the parties as to the construction of a contract which allegedly arises out of the laws of the United States respecting collective bargains between employer and employees in interstate commerce; but the right of action asserted does not arise out of those laws but only arises from the subsequent contractual relations of the parties. The wrongful breach of

8. His decision was affirmed in the Circuit in Alcoa S. S. Co. v. McMahon, 2 Cir., 1949, 173 F.2d 567. Because the

decision is per curiam, it is of little assistance in the solution of our problem.

9. See cases cited in Notes 4 & 5.

such relations does not confer federal court jurisdiction unless there is diverse citizenship." Amalgamated Ass'n of Street Elect. Ry., etc., Employees v. Southern Bus Lines, 5 Cir., 1951, 189 F.2d 219, 222.

Direct Transit Lines, Inc. v. Local Union 406, etc., 6 Cir., 1952, 199 F.2d 89, 90, concerned a case originally brought in the State court for injunction and damages. It was removed to the District court, where the District court refused to remand; thereupon petitioner deleted from its complaint all reference to damage and the court on a further motion denied the remand. The case does not assist us, since the holding is, in substance, that the "cause should not be remanded if it were properly removable upon the record as it stood at the time of the filing of the petition for removal."

The Supreme court of Pennsylvania has interpreted Sec. 301 of the Labor Management Act, 29 U.S.C.A. § 185, as not conferring jurisdiction on a district court to issue an injunction.

General Bldg. Contractors' Ass'n v. Local Unions No. 542, etc., 1952, 370 Pa. 73, at page 80, 87 A.2d 250, at page 254:

"Federal legislation claimed to be applicable does not concern itself with the exercise of equitable jurisdiction here exerted. Nowhere is there provision for assuring compliance with the contract and performance of the duties and obligations imposed thereby upon the respective parties to the contract."

The defendant argues that even if this court ultimately holds it has no power to grant injunctive relief, it still has jurisdiction of the subject matter of the dispute. This argument takes us back to the legislative intent of Congress in passing the Labor Management Act of 1947, and particularly Sec. 301(a) thereof, 29 U.S.C.A. § 185(a).

Congress clearly had in mind the Norris-LaGuardia Act when it enacted this legislation.

"In other instances in the same Act [Labor Management Act of 1947] where Congress so intended, it expressly lifted the bar of the Norris-LaGuardia Act. Illustrative are §§ 186, 178." Alcoa S. S. Co. v. McMahon, D.C.N.Y.1948, 81 F.Supp. 541, at page 543.

The legislative history referred to in Judge Rifkind's excellent opinion in the Alcoa case, 81 F.Supp. 541, shows that the Senate Bill made the violation of a collective bargaining agreement subject to injunction and the House Bill provided that the Norris-LaGuardia Act would be inapplicable to such suits. These provisions were all deleted before the final adoption of the measure. 81 F.Supp. page 543.

Since Congress had in mind the Norris-LaGuardia Act at the time of the enactment of the Labor Management Act of 1947, it must have intended one of two things:

(a) To limit Sec. 301(a), 29 U.S.C.A. § 185(a), to actions to enforce the contract by means other than by injunction, or (b) To permit a suit for injunction under the section, knowing that the Norris-LaGuardia Act would prevent in many instances, the issuance of the injunction.

It seems inconceivable that Congress intended to purport to give the district court a jurisdiction which in many cases would serve no useful purpose; to create in substance, an illusory right. It is more logical to conclude that Congress, having in mind the Norris-LaGuardia Act, omitted provisions for injunction in Sec. 301(a). That Congress knew the meaning of the terms "enjoin, restrain" is borne out by its use of those terms in Sections preceding and following Sec. 301(a) of the Labor Management Act of 1947, 29 U.S. C.A. § 185(a).

The defendant Union contends that the Labor Management Act of 1947, has preempted the labor relations field to the exclusion of state action, and that therefore this court has jurisdiction to grant an injunction. The defendant relies upon a line of cases in the Supreme Court.[10] But

10. Hill v. State of Florida, 1945, 325 U.S. 538, 65 S.Ct. 1373, 89 L.Ed. 1782; Beth-

lehem Steel Co. v. New York S. L. R. B., 1947, 330 U.S. 767, 67 S.Ct. 1026, 91

these cases are not in point. Hill v. State of Florida, and Amalgamated Ass'n, etc., v. Wisconsin E. R. B. (footnote 10) concern statutes which clearly interfered with area of action set aside for. supervision under the National Labor Relations Act, 29 U.S.C.A. § 151 et seq. The remaining cases concern conflicts between jurisdiction of the Federal Board created for the handling of labor disputes and State Boards created by state statute for similar purposes.

Since. we hold that the statute does not confer jurisdiction on a District court to entertain or grant an injunction under Sec. 301(a) of the Labor Management Act, a fortiori, we hold that by the enactment of Sec. 301(a) Congress has not pre-empted the field to the exclusion of state action.[11]

The motion to remand is granted.

L.Ed. 1234; La Crosse Tel. Corp. v. Wisconsin E. R. B., 1949, 336 U.S. 18, 69 S.Ct. 379, 93 L.Ed. 463; Plankinton Packing Co. v. Wisconsin E. R. B., 1950, 338 U.S. 953, 70 S.Ct. 491, 94 L.Ed. 588; International Union, etc., v. O'Brien, 1950, 339 U.S. 454, 70 S.Ct. 781, 94 L.Ed. 978; Amalgamated Ass'n, etc., v. Wisconsin E. R. B., 1951, 340 U.S. 383, 71 S.Ct. 359, 95 L.Ed. 364.

11. Fay v. American Cystoscope Makers Inc., D.C.S.D.N.Y.1951, 98 F.Supp. 278, is the only case we have found to the contrary. But see: General Electric Co. v. International Union, etc., 1952, 93 Ohio App. 139, 108 N.E.2d 211, at pages 218 to 222, which considers the Labor Management Act and concludes that Congress by that Act has not stripped state courts of their historic jurisdiction.