**SOUND LUMBER CO.**

v.

**LUMBER & SAWMILL WORKERS LOCAL UNION NO. 2799 et al.**

**BRIGHTWOOD LUMBER CO.**

v.

**LUMBER & SAWMILL WORKERS LOCAL UNION NO. 2799 et al.**

**PRECISION LUMBER CO.**

v.

**LUMBER & SAWMILL WORKERS LOCAL UNION NO. 2799 et al.**

**ALL-BRITE LUMBER CO.**

v.

**LUMBER & SAWMILL WORKERS LOCAL UNION NO. 2799 et al.**

**DURABLE FIR LUMBER CO.**

v.

**LUMBER & SAWMILL WORKERS LOCAL UNION NO. 2799 et al.**

Nos. 7079–7083.

United States District Court
N. D. California, N. D.

July 9, 1954.

Hill & Hill, Eureka, Cal., Woodman, Leddy & Sautter, Eureka, Cal., for plaintiffs.

Todd & Todd, San Francisco, Cal., for defendants.

OLIVER J. CARTER, District Judge.

In each of the above-entitled cases separate plaintiffs, as employers, have brought an action for damages and injunctive relief against the same defendants, as labor organizations, alleging the existence of a collective bargaining agreement between each of the plaintiffs and defendants, and the breach thereof by the defendants, in that the

defendants have made demands for increased wages and other benefits, and are now conducting a strike to enforce those demands in violation of the agreement.

Defendants have interposed motions to dismiss, to strike and to make more definite. The motions to dismiss and to strike challenge the jurisdiction of the Court both as to the subject of the action and as to the power of the Court to grant injunctive relief. Argument was limited to the question of jurisdiction to grant injunctive relief, the remaining questions being reserved for further hearing.

Jurisdiction is sought under the provisions of Section 301(a) of the Labor Management Relations Act of 1947, 29 U.S.C.A. § 185(a), which provides:

"Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

In this respect plaintiffs are immediately met with the interdiction of the applicable sections of the Norris-LaGuardia Act, 29 U.S.C.A. § 101 et seq., unless the facts alleged in their respective complaints do not establish a "labor dispute" as that term is used in the Act, or unless the terms of the Norris-LaGuardia Act are made nonapplicable by the above-quoted Section 301(a) of the Labor Management Relations Act of 1947. The applicable sections of the Norris-LaGuardia Act are 29 U.S.C.A. § 101:

"No court of the United States * * * shall have jurisdiction to issue any restraining order or temporary or permanent injunction in a case involving or growing out of a labor dispute, except in a strict conformity with the provisions of such sections; * * *"

and 29 U.S.C.A. § 113(c):

"The term 'labor dispute' includes any controversy concerning terms or conditions of employment, or concerning the association or representation of persons in negotiating, fixing, maintaining, changing, or seeking to arrange terms or conditions of employment * * *."

Even a cursory reading of the complaints establishes that they allege a "labor dispute" as that term is used in the Norris-LaGuardia Act. All of the complaints aver that defendants are striking and picketing to enforce demands for increased wages and other benefits in violation of the collective bargaining agreements. See Alcoa S.S. Co. v. McMahon, D.C., 81 F.Supp. 541, and per curiam opinion affirming in 2 Cir., 173 F.2d 567; also California Ass'n of Employers v. Bldg. and Const. Trades Council, etc., 9 Cir., 178 F.2d 175, 179. It is difficult to imagine a more clear-cut example of conduct which meets the definition of a "labor dispute" as that term is defined in the Act than the conduct charged to the defendants in the complaints as being a breach of the respective collective bargaining agreements. Furthermore, the allegations of the complaints set forth acts and conduct on the part of defendants (striking and picketing for increased wages and other benefits) which are specifically not subject to injunctions under the Act, 29 U.S.C.A. § 104(a) through (i). It is enough to quote the following:

"No court of the United States shall have jurisdiction to issue any * * * injunction * * * to prohibit any person * * * from doing * * * any of the following acts:

"(a) Ceasing or refusing to perform any work or to remain in any relation of employment; * * *

"(f) Assembling peaceably to act or to organize to act in promotion

of their interests in a labor dispute".

■ Having concluded that plaintiffs' averments state a "labor dispute" under the Norris-LaGuardia Act which would deprive this Court of jurisdiction to grant injunctive relief, it is necessary to consider plaintiffs' contention that Section 301(a) of the Labor Management Relations Act confers jurisdiction to grant injunctive relief because a fair interpretation of the language of that Section infers such jurisdiction as one of the remedies necessary to enforce the jurisdiction over the substantive rights granted, and, to that extent, that Section repeals, modifies, or renders non-applicable the anti-injunction provisions of the Norris-LaGuardia Act. Plaintiffs have cited a number of cases [1] in which injunctive relief has been granted under Section 301(a). A careful reading of these cases will show that they are not authority for the proposition made by plaintiffs, in that there was no "labor dispute" as that term is used in the Norris-LaGuardia Act in any of the cases, and furthermore, the plaintiff in each of those cases was a labor organization against whom the ban of the Norris-LaGuardia Act did not apply in the particular case. Whatever injunctive power may have been conferred upon a District Court of the United States by Section 301(a) in a case in which a Norris-LaGuardia Act "labor dispute" does not exist is not available in cases where such "labor dispute" does exist, unless Section 301(a) repeals or otherwise limits the anti-injunction provisions of the Norris-LaGuardia Act in "suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce".

To hold that the Norris-LaGuardia Act was so repealed or otherwise limited could be done only by implication for there is nothing in Section 301(a) which mentions the Norris-LaGuardia Act, or which specifically grants injunctive powers to Courts. As was pointed out in Amazon Cotton Mill Co. v. Textile Workers Union, 4 Cir., 167 F.2d 183, Congress was clear and specific whenever it dealt with limitations on the Norris-LaGuardia Act in the Labor Management Relations Act. The Court said, 167 F.2d at page 186:

"There is nothing in either the text or the history of the Labor Management Relations Act to indicate any departure from this salutary approach to the matter of conferring jurisdiction on the courts in labor controversies. Title I makes amendments to the National Labor Relations Act, some of which define unfair labor practices on the part of labor organizations; but there is no indication of any intention to change the method by which unfair labor practices were dealt with under the act or to vest the District Courts with jurisdiction as to these matters, except to the limited extent that such jurisdiction was expressly conferred. Under section 10(j) of the act, 29 U.S.C.A. § 160 (j), the District Courts are expressly given jurisdiction to grant injunctions upon application of the Board after the latter has issued a complaint charging an unfair labor practice; under section 10(*l*) they are given jurisdiction to issue injunctions upon application of an officer or regional attorney of the Board in certain cases involving jurisdictional strikes and secondary boycotts; under section 208, 29 U.S.C.A. § 178, they are authorized to

---

[1]. Milk and Ice Cream Drivers and Dairy Emp. Union, Local No. 98 v. Gillespie Milk Prod. Corp., 6 Cir., 203 F.2d 650; American Federation of Labor v. Western Union Tel. Co., 6 Cir., 179 F.2d 535; Textile Workers Union of Am., C. I. O. v. Aleo Mfg. Co., D.C.M.D.N.C., 1950, 94 F. Supp. 626; Mountain States Div. No. 17, Communications Workers of America v. Mountain States T. & T. Co., D.C.Colo., 81 F.Supp. 397.

issue injunctions notwithstanding the provisions of the Norris-La Guardia Act in certain cases involving strikes and lockouts affecting interstate commerce and imperiling the national health and safety, but only upon petition of the Attorney General following a report of a board of inquiry and direction by the President; and under section 303, 29 U.S.C.A. § 187, they are given jurisdiction of suits for damages arising out of jurisdictional strikes and boycotts. In no other cases does the act confer jurisdiction upon the District Courts to deal with unfair labor practices; and it is hardly reasonable to suppose that Congress intended the District Courts to have general power to grant injunctive relief, at the suit of either unions or employers, with respect to any unfair labor practice that might exist, while limiting with such meticulous care the cases in which those courts might grant injunctive relief upon petition of the Labor Board or the Attorney General acting under the direction of the President. *Expressio unius est exclusio alterius.*"

Although the Court was there concerned with the jurisdiction of District Courts over unfair labor practices the same principle of statutory interpretation applies to Section 301(a). In California Ass'n of Employers v. Building and Const. Trades Council, etc., supra, in discussing the power of a District Court to issue an injunction in an action involving unfair labor practices the Court said, 178 F.2d at page 179:

"The Labor Management Relations Act of 1947 did not give private litigants the right to obtain injunctive relief even in those situations where a suit for damages was allowed. 29 U.S.C.A. § 187, as amended; Amalgamated Ass'n, etc. v. Dixie Motor Coach Corp., supra [8 Cir., 170 F.2d 902].

"In addition, the interdiction of the Norris-LaGuardia Act, 29 U.S. C.A. § 101 et seq., is inescapable. That a 'labor dispute' exists here is clear from even a superficial reading of the complaint. For that reason Bakery [Sales] Drivers [Local] Union No. 33 v. Wagshal, supra [333 U.S. 437; 68 S.Ct. 630, 92 L.Ed. 792], is distinguishable since no labor dispute was found to exist. The same case, however, refuted the argument that private litigants (as distinguished from the Board) could enjoin secondary boycotts under the Labor Management Relations Act of 1947. Nowhere in the latter Act was the ban against injunctions in labor disputes at the instance of private parties lifted."

For a discussion of the legislative history of the Labor Management Relations Act as it relates to the injunction ban of the Norris-LaGuardia Act see Alcoa S.S. Co. v. McMahon, D.C.S.D.N.Y. 1948, 81 F.Supp. 541, at page 543. See also Associated Tel Co. v. Communication Workers, D.C.S.D.Cal., 114 F.Supp. 334; International Longshoremen's & Warehousemen's Union, Local 6, C.I.O. v. Sunset Line & Twine Co., D.C.N.D.Cal., 77 F.Supp. 119.

I must, therefore, conclude that Section 301(a) of the Labor Management Relations Act does not in any way limit the ban of the Norris-LaGuardia Act against injunctions in "labor disputes" as that term is defined in the Norris-LaGuardia Act, and that this Court is without jurisdiction to issue a preliminary injunction in any of the above-entitled actions since each complaint clearly alleges a "labor dispute."