**W. L. MEAD, Inc.,**
v.
**INTERNATIONAL BROTHERHOOD OF TEAMSTERS, ETC., LOCAL UNION NO. 25, A.F.L.**
**Civ. A. No. 54–797.**

United States District Court
D. Massachusetts.
Oct. 20, 1954.

Bernard B. Gould, Boston, Mass., for plaintiff.

Stephen D'Arcy, Jr., Boston, Mass., for defendant.

ALDRICH, District Judge.

This is an application for a preliminary injunction, the court having denied an ex parte application for a preliminary restraining order. The plaintiff, W. L. Mead, Inc., an employer, brings this action against the defendant Union under § 301(a) of the Labor Management Relations Act, 29 U.S.C.A. § 185(a), alleging violation of a two year contract under which the Union had agreed to arbitrate all disputes. The material allegations of the bill, which defendant admitted to be true for purposes of this motion, are that in violation of this agreement the Union has declared a strike without seeking to arbitrate a disagreement over working hours of one of the employees, and is peacefully [1] picketing the plaintiff's places of business in different parts of Massachusetts and Rhode Island.

The plaintiff is a trucking concern engaged in interstate commerce, and I am assuming for present purposes has properly stated a cause of action for damages under § 301. Plaintiff takes the position that it is open to the court under the circumstances to issue an injunction against picketing in further violation of its contract.

The actions which plaintiff seeks to have enjoined fall precisely under the specific interdiction of the Norris-La-Guardia Act, 29 U.S.C.A. § 101 et seq., if that act applies. Plaintiff says that that act, in terms, applies only to labor disputes, and that the defendant's activities here are a breach of contract. The fact they may be a breach of contract does not mean that they do not also arise out of a labor dispute. The question, therefore, is this: Does the Labor Management Relations Act constitute a pro tanto repeal of Norris-LaGuardia?

There is nothing in the Labor Management Relations Act dealing specifically with injunctions. Section 303, 29 U.S.C.A. § 187, seems to be limited to actions for damages, but § 301(a) refers to "suits," without restrictions. I have no doubts as to the court's possessing equity powers under this section. Textile Workers Union v. American Thread Co., D.C.Mass., 113 F.Supp. 137. It does not follow, however, that these equity powers may run directly contra to the general prohibitions of Norris-La-Guardia. Congress must have had this earlier act in mind when it passed the Labor Management Act, and if it intended the broad provisions of the former to be entirely abrogated, so far as the new act is concerned, it would seem natural to have said so. The usual rule is that an earlier act is repealed by implication only to the extent necessary. Stone's Express, Inc., v. United States, D.C.Mass., 122 F.Supp. 955. Congress knew how to curtail Norris-LaGuardia if it chose. Cf. 29 U.S.C.A. § 160(h)

This is not to say that the court does not have inherent power to grant relief which may conflict somewhat with Norris-LaGuardia, if that conflict is but incidental to the principal purpose of its order. Cf. Milk, etc., Drivers v. Gillespie Milk Product Corp., 6 Cir., 203 F.2d 650. That question, however, does not arise here, as the only injunctive relief the plaintiff asks is directly and exactly what Norris-LaGuardia forbids. Under such circumstances I feel that the fact that plaintiff's claim is based on a breach of contract does not better its position. Sound Lumber Co. v. Lumber & Sawmill Workers Union, D.C.N.D.Cal., 122 F. Supp. 925, and cases cited.

Motion for preliminary injunction denied.

---

[1] The allegations of occasional violence were not referred to at the hearing, and I do not find any such present conduct.