### COASTAL CEMENT CORPORATION, Plaintiff,

v.

### INTERNATIONAL LONGSHOREMAN'S ASSOCIATION AFL–CIO LOCALS 799, 800, 805 AND 1066, et al., Defendants.

#### Civ. A. No. 90–11294–T.

United States District Court,
D. Massachusetts.

May 17, 1990.

Andrew C. Culbert, James D. Masterman, Masterman, Culbert & Tully, Boston, Mass., Jeffrey H. Lerer, Thompson, Mann & Hutson, Atlanta, Ga., for plaintiff.

Harold L. Lichten, Angoff, Goldman, Manning, Pyle, Wanger & Hiatt, Boston, Mass., for defendants.

### MEMORANDUM

TAURO, District Judge.

Plaintiff, Coastal Cement Corporation, is the owner and operator of a bulk cement storage and distribution terminal in South Boston. Defendants are members of a union currently picketing plaintiff's terminal because of a labor dispute between the parties.

On May 16, 1990, plaintiff filed a complaint, pursuant to Sections 8(b)(4) and 303 of the Labor Management Relations Act ("LMRA") and related state theories,[1] seeking damages resulting from defendants' picketing, which, according to plaintiff, amounts to an illegal secondary boycott.[2]

Presently at issue are plaintiff's motions for a temporary restraining order and a preliminary injunction preventing defendants from engaging in the alleged secondary boycott.

---

1. Plaintiff's state-law theories include intentional interference with contractual relations and interference with the right to pursue lawful business.

2. An "illegal secondary boycott" occurs where a union "exercise[s] coercive pressure upon [complainant's] customers in order to cause them to withhold or withdraw patronage from complainant through fear of loss or damage to themselves should they deal with it." *National Woodwork Mfrs. Ass'n v. NLRB,* 386 U.S. 612, 621–22, 87 S.Ct. 1250, 1256–57, 18 L.Ed.2d 357 (1967) (quoted in *Charles D. Bonanno Linen Service, Inc. v. McCarthy,* 708 F.2d 1, 5 (1st Cir.1983)). Such boycotts are deemed "unfair labor practices" under Section 8(b)(4). 29 U.S.C.A. § 158(b)(4) (West 1973).

## I.

Before determining whether defendants' conduct is, in fact, an illegal secondary boycott, this court must first address defendants' contention that this court is without jurisdiction to issue the injunctive relief plaintiff seeks under § 303 of the LMRA.

The express language of the statute supports defendants' position. Section 303 provides, in relevant part:

Whoever shall be injured in his business or property by ... any [unfair labor practice] ... may sue therefor in any district court of the United States ... or in any other court having jurisdiction of the parties, and shall recover the damages by him sustained and the cost of the suit.

29 U.S.C.A. § 187(b) (West 1978). It thus appears from the face of the statute that, although a court may award damages resulting from unfair labor practices, it is without authority to issue injunctive relief to a private party. *See Suffolk Construction Co., Inc. v. Local 67, United Brotherhood of Carpenters and Joiners of America, et al.,* 736 F.Supp. 1179, 1180–81 (D.Mass.1990) (Skinner, J.) ("[P]rivate parties may not seek to enjoin secondary boycotts under Section 303.") (citing *Burlington Northern R.R. v. Brotherhood of Maintenance of Way Employes,* 481 U.S. 429, 448, 107 S.Ct. 1841, 1853, 95 L.Ed.2d 381 (1987) (because the NLRB has exclusive authority to seek injunctions under NLRA, "employers are not permitted to obtain injunctions of secondary activity.")); *Iodice v. Calabrese,* 345 F.Supp. 248, 270 (S.D.N.Y.1972) ("Section 303 of the Labor Management Relations Act ... authorizes suits for damages only. It does not authorize a suit for injunctive relief.").

Plaintiff relies on Judge Skinner's analysis of § 303 in *Suffolk Construction, supra,* for its argument in support of jurisdiction here. While it is true that Judge Skinner concluded that, notwithstanding the language of § 303, a federal court retains the general equitable power to issue injunctions in § 303 cases, he held that power to be available only in certain extreme situations. Specifically, Judge Skinner concluded that he had the power to enjoin acts of violence, and not secondary boycotts:

Since the NLRB is expressly authorized to seek an injunction against unfair labor practices, private parties may not seek to enjoin secondary boycotts under Section 303. Suffolk, however, did not pray that I enjoin the defendants' secondary boycott, and I did not do so. I enjoined their violence.

*Suffolk Construction* at 1180 (citations omitted).

Here, plaintiff did not contend at oral argument that acts of violence have taken place that would meet the jurisdictional bench mark relied on by Judge Skinner. At its most extreme, plaintiff's proffer of evidence suggested only *threats* of violence designed to dissuade plaintiff's customers from doing business with plaintiff. Thus, even assuming plaintiff's version of the facts to be true, plaintiff has established no more than a secondary boycott which, for the reasons already stated, this court is without power to enjoin.[3]

Accordingly, plaintiff's motions for injunctive relief are hereby denied.

An order will issue.

---

**3.** Although plaintiff did not offer an alternative theory of jurisdiction at yesterday's hearing on these motions, it appears from plaintiff's case citations that it contemplates such an alternative theory. Specifically, it appears that plaintiff is arguing that, even if there is no jurisdiction under § 303, plaintiff's pendent state law claims authorize this court to issue an injunction here.

This argument is unavailing, however, because this court refuses to exercise its discretionary power to adjudicate the state claims. *See United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966) ("It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right."). Accordingly, plaintiff should seek enforcement of its state-created rights in state court.